DAVID D. MACMURPHY, clerk, plaintiff in error, vs. MILES G. DOBBINS, defendant in error.

Clerks of the superior court are not entitled to more than $6 00 costs in each civil case prosecuted to judgment, including the recording of the proceedings had therein.

Costs. Before Judge POTTLE. Richmond Superior Court. October Term, 1873.

For the facts, see the decision.

FRANK H. MILLER, for plaintiff in error.

AMOS T. AKERMAN, by D. P. HILL, for defendant.

WARNER, Chief Justice.

The only question presented by the record in this case for our judgment is, whether the clerk of the superior court is entitled to charge for his costs in civil cases more than $6 00 in every suit commenced and prosecuted to judgment, including service in recording petition, process and judgment, as specified in the 3695th section of the Code. It is insisted that the clerk is entitled to charge fifteen cents per hundred words for recording proceedings in civil cases, and that includes the recording of the petition, process and judgment in all civil cases. The reply is, that the clerk's fees in every suit commenced and prosecuted to judgment, including service for recording the petition, process and judgment, is definitely fixed and prescribed by the law, and that is true in regard to the clerk's fees in every case, in which his fees are definitely fixed and prescribed, but in other civil cases, in which his fees are not definitely fixed and prescribed, he is entitled to charge for recording the proceedings in such cases, fifteen cents per one hundred words. In regulating the clerk's fees in suits commenced and prosecuted to judgment, including his service in recording the petition, process and judgment, the legislature doubtless intended to provide a fair average compensation for

the service to be rendered, taking into consideration that some cases would be short, and some longer than others. The clerk gets his $6 00 in the short cases, and he is entitled to no more in the longer ones. When the clerk accepted the office, he undertook to perform the duties of it, and render the services incident thereto, for the fees prescribed by law for such services.

Let the judgment of the court below be affirmed.