HAWKINS *v.* DALE, DIXON & COMPANY.

SIMMONS, J.—Where, after the intervention of an adverse claimant to property which the court holds by its receiver pending the suit in which he was appointed, the receiver is ordered to turn over the property to the claimant upon the latter's giving bond and approved security for the eventual condemnation money in the cause, and the bond and security are given and the property is turned over accordingly, the judge cannot afterwards make a valid order upon a rule brought against the receiver alone (even if the rule was brought prior to the time when the receiver, by virtue of the previous order, parted with possession of the property), requiring the claimant to surrender possession of some of the property to another claimant. Under such circumstances the first claimant would be entitled to notice of the application to dispossess him. He and not the original receiver should be the party respondent in the application, or if not the sole party, he should at least be a joint party with the receiver. In the present case the order to dispossess him was a nullity, and the subsequent order directing the sheriff to enforce it was erroneous.

October 22, 1894.                              *Judgment reversed.*

Rule. Before Judge SWEAT. Wayne county. May 25, 1894.

Upon the petition of Wheelwright & Company against Ellis, sheriff, *et al.,* Hill was appointed temporary receiver of a saw-mill and appurtenances. Afterward an order was granted at chambers, allowing Hawkins to intervene in the cause, and directing that upon his making bond with security in a certain sum, conditioned for the payment of the eventual condemnation money, Hill should turn over to him all the property described in the original petition and all that had come into his possession as temporary receiver, and that Hawkins then be empowered to operate the same for his own profit until further order and decree. The bond was made and the property delivered to Hawkins, including a tramroad laid with railroad iron, eleven miles or more in length. Afterward Dale, Dixon & Company presented their petition to the judge in chambers, alleging that among the

property in the possession of the receiver were 165 tons
of iron rails weighing 35 pounds per yard, the greater
portion if not the whole of which were laid upon the
tramroad leading out into the forest from the mill; that
this iron was the property of petitioners, formed no part
of the estate for which the receiver was appointed, and
should be turned over to petitioners.   Upon this peti-
tion it was ordered that the receiver show cause why the
prayer that the rails be turned over to petitioners should
not be granted.   The receiver answered, that he was
advised and believed that the iron rails referred to in
the petition were covered by a mortgage which had been
executed by G. W. Haslam to Wheelwright & Company,
shown in the amended petition of Wheelwright & Com-
pany; that said rails being in the possession of Haslam,
and the court having appointed respondent receiver to
take charge of all said property, he should not be re-
quired to deliver the rails to Dale, Dixon & Company;
that in the bill of sale made by Haslam to Hawkins,
shown in the intervention of Hawkins, appeared the
item of railroad iron connected with the saw-mill or
theretofore used by Haslam, which item respondent was
advised and believed covered all the rails referred to in
the petition of Dale, Dixon & Company, and the rails
being in the possession of Haslam, who had sold them
and yielded possession of them to Hawkins, and the
bill of sale having been duly recorded, Dale, Dixon &
Company should not be heard to require respondent to
deliver the rails to them; that the court had already
ordered respondent to deliver all the property described
in the petition of Wheelwright & Company to Hawkins,
upon the latter giving bond, and Hawkins had given the
bond, which had been approved and filed, and respond-
ent could not deliver the rails to Dale, Dixon & Com-
pany without violating the order, nor without great
injustice to Hawkins; that respondent was advised and

believed that Dale, Dixon & Company sold the rails to Haslam and took his .notes therefor, thus parting absolutely with the title; and that it would be impossible for respondent to comply with an order from the court to deliver the rails to Dale, Dixon & Company, because there were many rails in use at the mill, much more than 165 tons, and all of the rails were laid upon the tramroad, and there were more than 165 tons so in use of the weight of 35 pounds per yard, so he would have no way of identifying the 165 tons named in the petition. Upon the petition and answer, the judge at chambers adjudged, that the rails belonged to Dale, Dixon & Company, and were taken by the receiver as the property of Haslam, and as such were turned over to Hawkins upon his intervention; and ordered that the receiver and Hawkins deliver to Dale, Dixon & Company within thirty days the 165 tons of rails, and that upon said delivery Dale, Dixon & Company execute a bond to stand in lieu of the iron. Hawkins did not deliver the iron in compliance with this order, and the judge granted a rule against him, requiring him to show cause why he should not be punished for contempt. He answered, disclaiming any intention to be in contempt, and alleging, that he declined to deliver the iron because he had no means of knowing which 165 tons he was directed to deliver; that unless there was a particular mark of identity on the rail by which it could be pointed out so he would know it from any other, he ought not to deliver it; that the order furnished him with no mark of identity of the particular rails he was ordered to deliver, and there was no such mark upon the rails known to him as would justify him in making a delivery; that when the sawmill and appurtenances were placed in the receiver's hands, the tramroad went into the hands of the receiver, and the court exercised control of the same and directed removal of obstructions therefrom, and also ordered the

receiver to turn over the property in his hands as such to this respondent upon his giving bond, which bond he had executed and filed and the receiver had turned over to him the entire tramroad; that he should at least be allowed the privilege of being heard, upon proper pleadings, before any final order was passed taking the property from him; that there had been no proceeding instituted against him for the iron, but the proceedings of Dale, Dixon & Company were against the receiver, the rule to show cause was against the receiver, who answered the rule and upon whose answer the judge granted the order for delivering the rails to Dale, Dixon & Company against this respondent, who at no time was a formal party to the proceedings, and who was denied the privilege of submitting the facts stated above; that the three miles of railroad iron claimed by Dale, Dixon & Company had been bought by Haslam who gave his notes therefor, several of which he paid to Dale, Dixon & Company, who hold the remainder of the notes, and no provision was made in the order last above mentioned for an accounting for the money they had received or surrender of the notes they hold; that at the time of the execution of the mortgage of Wheelwright & Company, which covered four miles of railroad iron, Haslam had in his own right only a fraction over one mile of iron rails, except the three miles which he had at that time contracted for from Dale, Dixon & Company, and Haslam must have included said three miles in the mortgage, or else three miles belonging to some one else to which he had no pretended claim of title; and that said three miles were included in the bill of sale made by Haslam to this respondent, and Dale, Dixon & Company have no title to the same, and on this question respondent prays the right to be heard. The judge ordered that the rule against Hawkins be discharged, that the case be not reopened, but that the order awarding the iron to Dale,

Dixon & Company stand, and that the sheriff put them in possession of the iron.   Hawkins excepted.

W. G. Brantley, for plaintiff in error.

Charlton, Mackall & Anderson, *contra*.