### DIXON, survivor, *v.* HAWKINS *et al.*

1. Where in term a consent order was passed providing that a pending case be heard in vacation, upon all of the issues involved therein, by the judge without a jury, "on a day to be fixed by the judge, of which ten days notice shall be given to counsel for all parties," the judge, as to a particular party not appearing at the hearing nor consenting thereto, was without jurisdiction to proceed therewith, when neither that party nor his counsel had received the ten days notice required by the order. Under such circumstances, it was erroneous to dismiss exceptions which that party had filed to a master's report, or to adjudicate adversely to him upon the merits of the same.
2. Under the facts of the present case, the conduct of the excepting party did not amount to a waiver of the notice to which he was entitled.

Argued December 1,—Decided December 17, 1896.

Exceptions to master's report. Before Judge Sweat. Wayne superior court. May term, 1896.

*Charlton, Mackall & Anderson,* for plaintiff in error.
*Symmes & Bennet,* by *Harrison & Peeples, W. G. Brantley, Crovatt & Whitfield, Calhan & Goodyear* and *W. M. Toomer,* contra.

LUMPKIN, Justice.

It is not essential to an understanding of the rulings herein announced that we should undertake to set forth in detail the complicated state of facts presented by the record now before us. The general nature of the litigation may be gathered from the report made of the case when before this court at the October term, 1894. See *Hawkins*

*v. Dale, Dixon & Co.*, 95 Ga. 512. The judgment then under review having been reversed and a new trial ordered, the trial judge passed an order in term providing for a hearing before him, in vacation and without a jury, at which all the issues involved should be presented and passed upon. This order recited that it was by consent of parties, and declared that the hearing should take place "on a day to be fixed by the judge, . . of which ten days notice shall be given to counsel for all parties." In point of fact, however, it appears that although this order was granted in open court, counsel for Dixon, survivor of Dale, Dixon & Co., had no notice thereof, and did not really consent to the same. Subsequently the judge, in vacation, passed an order dismissing certain exceptions to the report of a master, filed by Dixon as such survivor, and also adjudicating that the exceptions were without merit. Neither Dixon nor his counsel was present when this decision was rendered, nor had either of them received the ten days notice of the hearing at chambers, as provided by the order first above mentioned. The judge had caused notice of the hearing to be sent to the office of Dixon's counsel in Savannah, but it was not dispatched in time to reach there ten days before the time appointed for the hearing. The counsel, on account of absence from his office, did not in fact receive the notice until three days before the time appointed. He thereupon promptly telegraphed the judge as follows: "Owing to my absence from city, have only just received notice of the Wheelwright hearing. Please postpone the case; and if this is not possible, permit me to submit it to you without argument." At the time this message was sent, the counsel was ignorant of the order for the hearing in vacation, and consequently of the fact that he was entitled to the ten days notice. The judge made no response to the telegram, but proceeded with the hearing on the date fixed, and disposed of the case as above stated.

Upon this state of facts, one conclusion is inevitable, viz: that the notice served upon Dixon's counsel could not possibly operate to confer upon the trial judge jurisdiction to hear the case at the time appointed.    An order passed in term was requisite in order to give the court authority to decide the case at chambers, and but for the "consent" order above referred to the judge could not lawfully have disposed of the case in vacation, with or without notice to the parties.    That order distinctly stipulated that counsel should be given at least ten days notice of the time appointed for the hearing; and it is obvious that unless the express terms of the order were in this regard strictly complied with, no legal or binding action could be taken in the premises.    Accordingly, it only remains to be determined whether or not Dixon is estopped from taking advantage of the fact that the trial judge was without jurisdiction to entertain and pass upon the case.    It is claimed that Dixon is so estopped, for the reason that the telegram sent by his counsel is properly to be regarded as a waiver of the notice to which he was entitled.    It is certainly true that if counsel, with full knowledge that the notice served upon him was ineffectual to bind his client, nevertheless expressly consented that the hearing should take place at the time appointed, he would not be permitted to take his chances upon the result of such hearing, and thereafter, upon the rendition of a judgment with which he was dissatisfied, repudiate the same upon the ground that the judge was without jurisdiction to take any action in the matter. It plainly appears from the record now before us, however, that it was by no means the intention of counsel to assume such an inconsistent attitude, nor is he now seeking to gain any unfair advantage over his adversary.    In the first place, the telegram in question makes no express waiver of notice; nor, under the peculiar circumstances of this case, would it be just or equitable to regard it as equivalent to an implied waiver.    Fairly construed, it amounted only to an informal motion for a continuance, with a request

superadded, that if this motion was overruled, counsel should not be deemed to have abandoned his exceptions by his failure to attend the hearing, but should be permitted to present his side of the case without argument. Surely, this did not amount to an express consent that the hearing should take place notwithstanding the fact that legal notice thereof had not been given. Indeed, the office of the telegram seems to have been, not to waive any right to which counsel was entitled, but to procure a concession, as matter of grace, which he felt could not successfully be urged or insisted upon as a strictly legal right. As already stated, it appears that at the time of sending this telegram, counsel was ignorant of his right to have ten days notice of the hearing, and therefore cannot reasonably be understood as intending to waive the same. The trial judge certifies to the truth of the statement contained in the bill of exceptions that, as matter of fact, counsel had no notice of, and did not enter his consent to, the order providing for a hearing of the case in vacation; although the judge adds, in a note, that the order "was regularly granted in open court, without objection." Having been granted in term, doubtless it was incumbent upon counsel to take notice of the order, and to promptly move to set the same aside, if he wished to avail himself of the fact that it was really passed without his consent; but as he took no steps to vacate this order, it is to be considered as binding upon his client, and as fixing all his legal rights in the premises. Nevertheless, in determining whether counsel can justly be held to have waived, by implication, the notice provided for in this order, it surely cannot be improper, in endeavoring to arrive at the intention which influenced him in sending the telegram in question, to give due weight to the fact that he really at that time had no knowledge concerning the granting of the "consent" order. To hold that he thereby waived a right of which he was entirely ignorant would, we think, be giving to the doctrine of implied waiver an

application never dreamed of. Nor, under the peculiar facts of this case, can the doctrine of equitable estoppel be successfully invoked. Counsel was not guilty of conduct which could be considered wrongful, or even reprehensible, in the sense that he should be deemed to have justly forfeited all right to complain of the illegal action taken by the court, which resulted to the prejudice of his client. To set aside such illegal action would deprive the opposite party of no advantage righteously gained. Only upon the theory that Dixon's counsel consented that the case should be heard at a time when the judge had no jurisdiction to consider it, can the defendants in error assert that the judgment rendered in their favor has any binding force or effect. Had Dixon's counsel been fully informed of all his legal rights, and had elected to ignore the insufficient notice served upon him, it could not for a moment be insisted that, simply because he did not appear at the hearing and urge such objections thereto as might have been made, he would be estopped from afterwards calling in question the legality of the proceedings. This is true because neither the judge, nor the opposite party, could then have fairly treated the inaction and silence of counsel as equivalent to either an express or implied waiver of the requisite notice. We think it equally clear that the trial judge was not justified in regarding the telegram he received from counsel as equivalent to a consent of any kind that the hearing should take place at the time appointed, or in construing the message into a waiver of any of Dixon's rights in the premises. Our conclusion therefore is that justice requires that the case should undergo a full and regular investigation upon its merits.                              *Judgment reversed.*