## WOOD *v.* WILEY MANUFACTURING COMPANY.

Where a motion for new trial is duly made and the court adjourns for the term without any order having been taken setting the motion for a hearing in vacation, it goes over to the next term of the court, and the trial judge has no jurisdiction to hear or determine it in vacation unless jurisdiction be acquired under the Civil Code, §§ 4323, 4324.

Argued March 17, — Decided April 6, 1903.

Motion for new trial.   Before Judge Nottingham.   City court of Macon.   January 29, 1902.

*M. Felton Hatcher*, for plaintiff in error.

*Marion W. Harris* and *R. Douglas Feagin*, contra.

SIMMONS, C. J.   In a suit by the Wiley Manufacturing Company against Mrs. Wood, there was, on December 30, 1901, a ver-

dict for the plaintiff. The losing party, during the term and on January 4, 1902, made a motion for a new trial. By order of the court the time for the hearing was fixed for January 11, 1902. On that day the hearing was continued to the 14th of same month, on which latter day the motion was not heard nor any order taken in regard thereto. On the 24th of the same month the court adjourned for the term. Counsel admit that no order was taken setting the motion for a hearing in vacation, and that, after January 11, no order was taken in regard to the motion. On January 29, the motion was heard and overruled by the court. To the judgment overruling the motion the movant excepted.

The motion for new trial was properly made in term. It was not heard at that term and no order was taken setting it for a hearing in vacation. It therefore went over to the next term of the court, subject to determination under the Civil Code, §§ 4323, 4324. No effort was made to acquire jurisdiction under these sections, and the judge was without jurisdiction of the motion until the next term of the court. He had no authority in the intervening vacation to hear or dispose of it at all. The motion is still pending, undisposed of by any valid judgment, in the court below. The judge assumed jurisdiction of the motion and passed upon its merits, and in so doing committed error.

*Judgment reversed. By five Justices.*