## McMICHAEL *v.* SOUTHERN RAILWAY COMPANY.

That part of the fee bill of the clerks of the superior court which provides that "for every certiorari case " they shall be entitled to collect three dollars was intended to cover all services performed in the case, including the entry of final judgment, and recording the proceedings if the law requires them to be recorded. For other services performed after judgment the clerks are entitled to the fees paid in other cases for similar services. The sheriff is entitled to two dollars for serving the writ of certiorari, where he performs this service, and the justice of the peace to fifty cents for answering the same.

Submitted March 17, — Decided April 6, 1903.

Motion to tax costs. Before Judge Felton. Crawford superior court. March term, 1902.

*M. G. Bayne,* for plaintiff in error.

COBB, J. This was a writ of error from a judgment of the superior court taxing costs in a certiorari proceeding. The certiorari was issued, and was dismissed at the hearing. The bill of cost presented to the court was as follows: "Certiorari, $3.00 ; answer of J. P., $.50 ; recording proceedings, $3.00 ; sheriff serving writ, $2.00 ; judgment, $2.00; issuing fi. fa., $.50 ; docketing, $.25 ; entering ex-docket, $.85 ;" making a total of $11.85. The court struck all of the items of this bill except the first. It was manifestly by mere inadvertence that the court disallowed the item of $2.00 for the sheriff's service of the writ and that of $.50 for the answer of the justice of the peace. Civil Code, §§ 5401, 5403. While, under the provisions of the Civil Code, § 4643, the writ and petition may be delivered to the plaintiff in certiorari, the sheriff, deputy-sheriff, or any constable, and may be served by any one of these persons, it is the right of the party applying for the writ to have it and the petition served by the sheriff, and, when so served, the sheriff is entitled to his fee of two dollars to be paid by the losing party.

The fees of the clerk are fixed in an item in the fee bill in the following words: "For every certiorari case, $3.00." Civil Code, § 5397. We think the item quoted was intended to cover the entire costs of the clerk in a certiorari case from the time the petition is filed till the entry of final judgment, as well as services rendered in recording the proceedings if the law requires them to be recorded. It is true that the clerk is allowed $2.00 for entering a judgment on the minutes, and 15 cents a hundred words for recording proceedings "in civil cases." But even if it is the duty of the clerk to record the proceedings in a certiorari case, the $3.00 allowed by the fee bill was intended as compensation for this service. The sum allowed for entering the judgment and for recording proceedings in civil cases relates to cases for which no special provision is made in the fee bill. See, in this connection, *Macmurphy* v. *Dobbins*, 53 *Ga.* 294. Acts providing for costs are to be strictly construed. See *Walker* v. *Sheftall*, 73 *Ga.* 807 (a). If the construction contended for by the plaintiff in error be given the code section, then the legislature has allowed the clerk in every certiorari, claim, and illegality case, as compensation for the services rendered by him, $3.00 in addition to the sums which he would receive for similar services in other cases. We can perceive no reason for making this difference in the cases mentioned, and we

do not think any such distinction was intended.   In the cases named the legislature was endeavoring to fix a uniform fee for every case.   In some the services performed might be worth less than three dollars, while in others it would be more, and in the opinion of the legislature three dollars represented a fair average compensation.   Why certain cases should have been selected for this uniform charge and others not was, of course, a matter to be determined solely by the General Assembly.   It is said, though, that the fact that in fixing the fee for the foreclosure of mortgages and in certain other cases it was provided that the amount fixed should be for the "whole service," while no such provision was made in a certiorari case, shows that in such case the clerk is entitled to the usual fees for recording the proceedings and entering judgment.   The fee bill reads as follows:   "For every foreclosure of mortgage on personalty, whole service, $3.00.   For every foreclosure of mortgage on realty, whole service, $6.00.   For every claim case, $3.00.   For every illegality case, $3.00.   For every certiorari case, $3.00.   For every rule versus sheriff or other officer, whole service, $3.00.   For every appeal case, whole service, $3.00.   For every appeal case, settled before verdict, $1.50."   It is not by any means certain that the expression, "whole service," was not intended to apply to claim, illegality, and certiorari cases. But be this as it may, we think that "for every certiorari case" means the same as "for every certorari case, whole service," and that the sum fixed as compensation "for every certiorari case" was intended to cover all services performed up to and including the entry of final judgment, and that for services thereafter performed, other than the recording of the proceedings, the clerk is entitled to the fees allowed for such services in other cases.   It is by no means clear that the certiorari proceedings are required to be recorded. As to that point, however, we now decide nothing; only deciding that, if so required, the clerk's compensation therefor is embraced in the sum fixed in the fee bill, to wit, $3.00.   It results from this that the court properly disallowed the item of $3.00 for recording the proceedings and that of $2.00 for the entry of judgment; and that he erred in disallowing the other items which were stricken.

*Judgment affirmed in part, and in part reversed.   By five Justices.*