## HILL v. FIRST NATIONAL BANK OF REYNOLDS.

Where during vacation the attorney for the movant in a motion for a new trial prepares a written order for the judge's signature, setting the motion for a new trial for a hearing at a certain time and place in vacation, and at the appointed time and place the attorneys for both parties appear, and the respondent moves to dismiss the motion for a new trial, and the movant in the motion for new trial resists the motion to dismiss on grounds other than that the court is without jurisdiction, and the judge sustains the motion to dismiss, the judgment of dismissal will not be void as having been rendered without jurisdiction.

No. 4541. AUGUST 13, 1925. REHEARING DENIED SEPTEMBER 23, 1925.

The Court of Appeals (in Case No. 15637) certified the following questions for decision, as necessary to a proper determination of the case: "Where a motion for a new trial was filed in term time, and an order taken setting the motion to be heard in vacation on December 17th, 1921; and where on the date set none of the parties were present and no order was taken continuing the hearing of the motion; and where subsequently a number of motions were set to be heard on January 21st, 1922, but the motion in the present case was not among them; and where on January 21st, 1922, 'an omnibus order was taken continuing all of said cases until March 4, 1922, and in the list of cases so assigned to be heard on March 4, 1922, as aforesaid, the said C. B. Marshall, counsel for Mrs. Ida Hill, included the case of the First National Bank of Reynolds v. Mrs. Ida J. Hill' (this case), and this order was passed, as far as it relates to the case under consideration, without any authority from any term order and without any formal application as provided for by sections 4852 and 4853 of the Civil Code of 1910, and without any written notice being served on the opposite party, the opposite party, however, being present; and where on March 4, 1922, counsel for both parties being present and participating in the proceedings, an order

was passed dismissing the motion for a new trial; and where at the regular October term, 1923, of the court counsel for Mrs. Hill filed a motion to set aside the judgment dismissing the motion for a new trial, on the ground that the court was without jurisdiction to pass the order of January 21, 1922 : did counsel for movant (Mrs. Hill) waive a compliance with the provisions of sections 4852 and 4853 of the Civil Code of 1910, and was he estopped from making the motion to set aside the judgment because he drew the order setting the motion for a new trial for a hearing on March 4, 1922, and was present at said hearing and 'resisted the granting of the order dismissing the motion for a new trial, on the ground that the court reporter had not prepared a record of the evidence in said case, and not on the ground that the court had no jurisdiction'? Or was the order of January 21, 1922, coram non judice and void for the reason that at that time the court was without jurisdiction, as this order was passed without any authority from any term order, and without any formal application therefor having been made, and without the opposite party or his attorney being given ten days written notice of the time and place of said hearing as provided for by sections 4852 and 4853 of the Civil Code of 1910? See *Lott* v. *Wood,* 135 *Ga.* 821; *Sapp* v. *Williamson,* 128 *Ga.* 743, 749; *Wood* v. *Wiley Manufacturing Co.,* 117 *Ga.* 517, 518; *Dixon* v. *Hawkins,* 100 *Ga.* 5; *Avery* v. *State,* 4 *Ga. App.* 460."

*Jere M. Moore, W. D. Crawford,* and *C. B. Marshall,* for plaintiff in error.

*Homer Beeland, Jule Felton,* and *Jule W. Felton,* contra.

ATKINSON, J. 1. It is provided in section 1 of the act approved December 14, 1895 (Acts 1895, p. 46), that "'The several judges of the superior . . courts of this State shall have power and authority to hear and determine, in vacation as well as in term time, without any order of court passed in term time, all motions for new trial, certioraries, and all such other matters as they can now hear and determine in term time, and which are not referred to a jury." The substance of this part of the statute is now embraced in the Civil Code (1910), § 4852. Section 2 of said act provides: "That the hearing of all cases provided for in the first section of this act shall be fixed by the judge upon the application of either party or his counsel, of which time and

place the party making said application, or his attorney, shall give the opposite party or his attorney at least ten days' notice in writing." This part of the statute is now embodied in the Civil Code (1910), § 4853. These two sections of the code, founded on the same act of the legislature, are component parts of one law. The first section confers and defines the power of the courts with respect to the specified matters, and the second section provides procedure by which the courts take jurisdiction for exercise of such powers. The second section provides for an application to the court, but does not specify a written application. An oral application will suffice. If a party during vacation presents a written order to be signed by the judge setting a motion for new trial for a hearing in vacation, and the order is signed by the judge, such action by the party is the equivalent of an application for the order granted by the judge, and to that extent is a compliance with section two of the act. Ordinarily a written notice by the applicant or his attorney to the opposite party or his attorney should be given of the time and place of hearing (*Lott* v. *Wood,* 135 *Ga.* 821, 70 S. E. 661; *Carter Co.* v. *O'Quinn,* 143 *Ga.* 390, 85 S. E. 90), but such notice may be waived. See *Lott* v. *Wood,* supra; *Avery* v. *State,* 4 *Ga. App.* 460 (61 S. E. 839); *Pugh* v. *State,* 7 *Ga. App.* 814 (68 S. E. 309). Where the party entitled to such notice appears by his attorney at the appointed time and place and participates in the disposition of the motion for new trial, without objecting to the jurisdiction of the court, he will be held to have waived the notice. Accordingly, where during vacation the attorney for the movant in a motion for a new trial prepares a written order for the judge's signature, setting the motion for a new trial for a hearing at a certain time and place in vacation, and at the appointed time and place the attorneys for both parties appear, and the respondent moves to dismiss the motion for a new trial, and the movant in the motion for new trial resists the motion to dismiss on grounds other than that the court was without jurisdiction, and the judge sustains the motion to dismiss, the judgment of dismissal will not be void as having been rendered without jurisdiction.

The case differs on its facts from the following cases: That of *Dixon* v. *Hawkins,* 100 *Ga.* 5 (27 S. E. 188), related to a term order which provided for a hearing "on a day to be fixed by the

judge, of which ten days' notice shall be given to counsel for all parties," and a party to be affected by the judgment did not appear or consent to the hearing. In *Atlanta, Knoxville & Northern Railway Co.* v. *Strickland,* 114 *Ga.* 998 (41 S. E. 501), the order of the judge setting the motion did not purport to be upon application of either party, and both parties did not appear at the appointed time and place and participate at a hearing of the motion for new trial. In *Wood* v. *Wiley Manufacturing Co.,* 117 *Ga.* 517 (43 S. E. 983), there was no presentation by one of the parties of a written order of the court providing for a hearing of the motion for new trial in vacation. In *Sapp* v. *Williamson,* 128 *Ga.* 743 (58 S. E. 447), the matters involved were such as under the law would be referred to a jury. The following decisions were rendered prior to the act of 1895. *Brinkley* v. *Buchanan,* 55 *Ga.* 342; *Western and Atlantic Railroad Co.* v. *Johnson,* 59 *Ga.* 626; *Walker* v. *Banks,* 65 *Ga.* 20. The foregoing is a sufficient answer to the question propounded by the Court of Appeals.

*All the Justices concur.*

ON MOTION FOR REHEARING.

RUSSELL, C. J. If the question which was propounded by the Court of Appeals had been to the same effect as that suggested in the motion for a rehearing, I would be heartily in favor of granting the motion for a rehearing. However, under the ruling in *Georgian Co.* v. *Jones,* 154 *Ga.* 762 (115 S. E. 490), the jurisdiction of this court is restricted to answering nothing more or less than the precise question submitted by the Court of Appeals. In this case the question propounded by the Court of Appeals is set forth; and being convinced that the facts upon which the Court of Appeals predicates its question are correctly stated (and being without power to inquire of the record to ascertain that they are not correctly stated), I am compelled to concur in the judgment refusing the motion for a rehearing.