27352. YARBOROUGH *v.* THE STATE.

Decided April 11, 1939.

894

*P. Z. Geer,* for plaintiff in error.

*B. C. Hays, solicitor pro tem.,* contra.

MacIntyre, J. The defendant, J. C. Yarborough, was convicted of a violation of the prohibition law. He filed a motion for new trial. At the hearing the judge modified the original sentence and then dismissed the motion. The defendant excepted.

"During the term of the court at which a judgment is rendered, it is within the breast of the presiding judge and may be vacated upon proper cause shown; but after the term has expired, the judgment 'is upon the roll' and is not subject to review or revision by the trial court." *Sims* v. *Georgia Railway & Electric Co.,* 123 *Ga.* 643, 645 (51 S. E. 573). "As a general rule, where the defendant has executed or entered upon the execution of' a valid sentence, the court can not, even during the term at which the sentence was imposed, set it aside and impose a new sentence." *Rutland* v. *State,* 14 *Ga. App.* 746, 752 (82 S. E. 293). However, it is not contended in this case that the defendant had executed or entered upon the execution of his sentence before its modification. "An order passed in term time, setting the hearing of a motion for new trial on a designated day in vacation, in effect keeps the term, relatively to the particular case, open until the designated day." *Blakely Hardwood Lumber Co.* v. *Reynolds Brothers Lumber Co.,* 173 *Ga.* 602 (2) (160 S. E. 775). Thus, when the defendant in the instant case himself filed a motion for new trial and obtained such an order as was indicated in the case just cited, and when the motion for new trial was thus set to be heard in vacation at the time fixed in the order, and upon arrival of this day a proper order was passed continuing the hearing to a future day in vacation before the next term, and on the last date the sentence was modified by changing it from a fine of $100 or twelve months on the public works of the county to a fine of "$50, and upon the payment of said fine, the defendant may serve twelve months on public works of the county under probation," and after the sentence was modified as above stated the motion for new trial was dismissed, the court had authority to modify the sentence as it did in the instant case.

*Judgment affirmed. Guerry, J., concurs.*

BROYLES, C. J., concurring specially. The sole assignment of error in the bill of exceptions is based on the judgment modifying the original sentence imposed on the defendant. It clearly appears that the modification of the sentence was not injurious, but beneficial, to the accused. It being well settled that a plaintiff in error must show, not only error, but prejudicial error, the present assignment of error is without merit, and the judgment overruling the motion for new trial should be affirmed.