## 28339. GENTRY v. THE STATE.

DECIDED SEPTEMBER 28, 1940.

*Henry L. Barnett,* for plaintiff in error.

MacIntyre, J.  J. C. Gentry was convicted of unlawfully possessing liquor.  Relatively to the time and manner of the overruling of his motion for new trial, the bill of exceptions as certified by the trial judge states: "That said J. C. Gentry on the 30th day of November, 1939, within the time prescribed by law, duly filed his motion for a new trial, the grounds of which were duly approved by the court, and ordered by the court that said motion be heard and determined on the 20th day of December, 1939, in vacation at Dalton, Georgia, and movant J. C. Gentry filed his brief of evidence in said case, and the same was duly approved and certified by the judge, but said motion was not called or heard on the 20th day of December, 1939, as provided by the order of the court entered thereon, and no action was taken thereon on said date, and the same was not dismissed, overruled, or granted, and no order was passed or entered thereon continuing the same to any other date or setting or fixing any date for the hearing of said motion; but thereafter, on the 19th day of January, 1940, in vacation, without counsel having agreed upon any time or place in vacation for hearing and determination of said motion and without the consent of

movant and without any notice to him that his said motion for a new trial would be heard and determined on said date at Calhoun, Georgia, said judge did, at the court-house in Calhoun, Georgia, enter up, pass, and write on said motion for new trial filed by said J. C. Gentry an order overruling said motion for new trial, to which said judgment and order of the court overruling said motion for a new trial plaintiff in error then and there excepted, now excepts, and assigns the same as error." The brief of evidence and the charge of the court were approved and ordered filed, and bore the same date as the order overruling the motion for new trial. It may be contended that this fact was sufficient to show that counsel for the plaintiff in error was present and participated in the hearing of the motion; that at any rate there is nothing in the record indicating that this was not done; and that in the absence of such a showing the presumption would be that this was done; and that if the accused, by his counsel, appear at the time and place set for the hearing of a motion for a new trial, he will be presumed to have waived the ten-days notice required by statute; and that these facts bring the case under the rule laid down in *Hill* v. *First National Bank of Reynolds,* 160 *Ga.* 883 (129 S. E. 285), to wit: "Where during vacation the attorney for the movant in a motion for a new trial prepares a written order for the judge's signature, setting the motion for a new trial for a hearing at a certain time and place in vacation, and at the appointed time and place the attorneys for both parties appear, and the respondent moves to dismiss the motion for a new trial, and the movant in the motion for new trial resists the motion to dismiss on grounds other than that the court is without jurisdiction, and the judge sustains the motion to dismiss, the judgment of dismissal will not be void as having been rendered without jurisdiction." We think, however, that the instant case comes under the rule laid down in *McMichael* v. *Southern Railway Co.,* 117 *Ga.* 518 (43 S. E. 850), which is cited and distinguished from the *Hill* case in the *McMichael* opinion.

The motion for new trial in this case was properly made in term, and it was ordered by the court that said motion be heard and determined on December 20th, 1939, in vacation, and no action was taken thereon on said date. The motion was not heard at the term at which the case was tried and the motion made, nor was

the term, relatively to that particular case, kept open by appropriate orders until the day upon which it was overruled in vacation, to wit, January 19, 1940, the motion for a new trial not having been heard and no action having been taken thereon on December 20, 1939, the last date at which the appropriate orders of the court had in effect kept open the term relatively to this case. *Yarborough* v. *State,* 59 *Ga. App.* 893, 894 (2 S. E. 2d, 510); *Blakely Hardwood Lumber Co.* v. *Reynolds Lumber Co.,* 173 *Ga.* 602 (160 S. E. 775). The instant case therefore went to the next term of court, subject to determination under the Code, which provides as follows: "The judges of the superior and city courts have power to hear and determine, in vacation as well as in term time, without any order passed in term time, all motions for new trial, certioraries, and all such other matters as they now can hear and determine in term time, and which are not referred to a jury." § 24-2618. And "The hearing of all cases provided for in the preceding section shall be fixed by the judge upon the application of either party or his counsel, of which time and place the party making said application, or his attorney, shall give the opposite party or his attorney at least ten-days notice in writing." § 24-2619. So far as the record shows, no order was taken on December 20, 1939, setting or continuing the motion for a hearing at vacation until a subsequent date in vacation, and after December 20, 1939, no order was taken in regard to the motion. On January 19, 1940, the motion was overruled by the court, in the following language: "Motion overruled. This January 19, 1940. John C. Mitchell J. S. C. C. C." To that judgment the movant excepted. So far as the record discloses, no effort was made by the defendant to acquire jurisdiction under the Code, §§ 24-2618, 24-2619, by making an application for a hearing as therein required and giving the opposite party ten-days notice of time and place of hearing; and no sufficient waiver being shown, the judge was without jurisdiction of the motion until the next term of the court. He had no authority on January 19, 1940, in vacation, to hear or dispose of it at all. The motion is still pending, undisposed of by any valid judgment, in the court below. The judge assumed jurisdiction of the motion and passed upon its merits, and in so doing committed error. *Wood* v. *Wiley Manufacturing Co.,* 117 *Ga.* 517, 518 (43 S. E. 983); *Tanner* v. *State,* 20 *Ga. App.* 161 (92 S. E. 943); *Jackson* v. *Hunter,* 150 *Ga.*

789 (105 S. E. 304) ; *Atlanta, Knoxville & Northern Railway Co.
v. Strickland,* 114 *Ga.* 998 (41 S. E. 501) ; *Sapp* v. *Williamson,*
128 *Ga.* 743 (58 S. E. 447) ; *Dixon* v. *Hawkins,* 100 *Ga.* 5 (27
S. E. 188).

*Judgment reversed. Broyles, C. J., and Gardner, J., concur.*