## 34514. SHAW *et al. v.* DEAL.

FELTON, J. Where a judge by term order sets a day in vacation for the hearing on a motion for new trial, and where the order provides that the movant has until the day set to file a brief of evidence, and where on the day set the movant presents for approval a brief of the evidence which is not correct, the failure of the respondents to move at that time to dismiss the motion for new trial and their consent to postpone the case until a later time in vacation, at which time a correct brief is presented and approved, is a waiver of the failure to file a correct brief at the day first set, the consent to an oral postponement under such circumstances being an agreement that the correctness of the brief of evidence might be considered at the later date along with the other questions in the case. Code §§ 70-302, 6-805, 24-2619. If the plaintiff in error had moved for a dismissal on the day first set, the court could have and might have extended the time for filing a corrected brief of the evidence under a continuation of a term-time order. Cases holding that the court lacks jurisdiction to allow the presentation of a brief of evidence beyond the time in vacation specifically set therefor do not apply in this case because a brief of evidence was actually tendered on the date set therefor. *Cannon* v. *Gaines,* 199 *Ga.* 277 (34 S. E. 2d 103). No motion to dismiss the motion for new trial was made on the ground that the court was without jurisdiction otherwise than that a correct brief had not been presented, and the judge included in his order that the parties consented to the postponement. As to the jurisdiction of the judge to hear the motion on the date on which he acted on it, see *Hill* v. *First National Bank of Reynolds,* 160 *Ga.* 883 (129 S. E. 285). *Perry* v. *Gammage,* 23 *Ga. App.* 583 (99 S. E. 141), contains a ruling in effect that the ten days' notice provided for in Code § 24-2619 may not be waived by consent. We think that this case is contrary to the ruling in the *Hill* case, supra, and the ruling in the *Perry* case, supra, must yield. The court did not err in denying the motion to dismiss the motion for new trial.

*Judgment affirmed. Sutton, C. J., and Worrill, J., concur.*

DECIDED MAY 2, 1953.

*John Yancey,* for plaintiffs in error.

. *Robert T. Efurd & Calhoun A. Long, Jr.,* contra.