### 51626. PORTERFIELD v. THE STATE.

BELL, Chief Judge.

The appellant and Douglas Woodall were jointly indicted for violating the Georgia Controlled Substances Act. At a separate trial, this appellant was convicted. *Held:*

1. At trial the out-of-court statements made by the co-indictee Woodall were admitted over the objection that the statements were hearsay; and that the statements made by a co-conspirator during the pendency of the conspiracy are inadmissible where, as here, the defendant was not also indicted for the crime of conspiracy under Code § 26-3201. Code § 38-306 provides: "After the fact of conspiracy shall be proved, the declarations by any one of the conspirators during the pendency of the criminal project shall be admissible against all." This statutory provision, a rule of evidence, does not include any condition precedent of indictment of a co-conspirator before the provision becomes applicable. The state's evidence established a conspiracy between defendant and his co-indictee and the statements of the co-conspirator were made during the pendency of their criminal endeavor. This evidence was properly admitted.

2. On appeal and for the first time defendant further contends that the co-indictee's statements were inadmissible because the state failed to make a showing that the declarant was unavailable to testify in violation of defendant's confrontation rights under the Sixth and Fourteenth Amendments of the Constitution of the United States. A ground of objection to the admissibility of evidence asserted for the first time on appeal presents nothing for consideration of the appellate courts. *Starr v. State,* 229 Ga. 181 (190 SE2d 58).

3. It is contended that the court erred in failing to charge that the state must prove a conspiracy beyond a

reasonable doubt *before* the evidence of the co-conspirator's declarations could be considered by the jury as evidence of defendant's guilt. There was no error. The jury must weigh all the evidence, including the declarations, in determining whether a conspiracy has been shown; and if they find that none has been established, it is *then* their duty not to consider the co-conspirator's declarations. *Coleman v. State,* 141 Ga. 731 (2) (82 SE 228).

4. The court charged the jury: ". . . Now, the Georgia Controlled Substance Act exempts certain transactions and certain persons from the prohibitions contained in the act but also provides that it is not necessary for the State to negate any exemption or exception contained in the act in any trial of an offense arising under the act. The burden of proof as to the applicability of any exemption or exception is upon the person claiming it. . ." Code § 79A-829 (a) states: "It is not necessary for the State to negate any exemption or exception in this Chapter in any complaint, information, indictment or other pleading or in any trial, hearing, or other proceeding under this Chapter. The burden of proof of any exemption or exception is upon the person claiming it."

Defendant concedes that this charge accurately reflects the law. Nonetheless, he contends that the statute is unconstitutional as depriving him of due process of law. This constitutional attack on the statute was not raised below. Thus it presents nothing for review on appeal. *E. P. v. State of Ga.,* 230 Ga. 770 (199 SE2d 313).

5. Defendant's remaining claim of error that verdict is irregular on its face has not been supported by citation of authority or argument. It is deemed abandoned under our Rule 18 (c) (2).

*Judgment affirmed. Clark and Stolz, JJ., concur.*

ARGUED JANUARY 12, 1976 — DECIDED JANUARY 30, 1976.

*Robert D. Peckham, W. Donald Morgan, Jr., J. H. Affleck, Jr.,* for appellant.

*Harry N. Gordon, District Attorney, F. B. Tyler, Jr., Assistant District Attorney,* for appellee.