### 52488. PORTERFIELD v. THE STATE.

QUILLIAN, Judge.

The defendant was indicted, tried and convicted for violation of the Georgia Controlled Substances Act. He was sentenced to 10 years, 3 years to be served in confinement, the balance on probation. On appeal to this court his conviction was affirmed. *Porterfield v. State,* 137 Ga. App. 449 (224 SE2d 94). Afterwards, he filed a motion to modify his sentence. After a hearing, the trial judge entered an order which recited: ". . . the Court adjudges that since the term of court at which sentence was imposed had expired prior to the filing of this motion, it lacks jurisdiction to modify the sentence; and that this is true irrespective of the fact that the case was appealed and the case affirmed and this motion was made, at the same

term of court at which the remittitur from the Court of Appeals was filed in this Court." Appeal was taken from that decision. *Held:*

Code Ann. § 27-2502 (Ga. L. 1974, pp. 352, 354) recites: "After the term of court at which the sentence is imposed by the judge, he shall have no authority to suspend, probate, modify or change the sentence of said prisoner, except as otherwise provided."

In *Porter v. Garmony,* 148 Ga. 261 (1) (96 SE 426), the Supreme Court held: "Where one accused of a misdemeanor was convicted, and at the term at which the trial took place was sentenced to serve a term in the chain-gang, and the accused carried the case by writ of error to the Court of Appeals, where the judgment of the lower court was affirmed, the trial court was without authority at a subsequent term, upon making the judgment of the appellate court the judgment of the trial court, to modify and change the sentence formerly imposed; and where he did pass an order modifying and changing the sentence, such order was void, as the court was without jurisdiction to alter the sentence originally imposed."

Here the defendant argues that he was forced to choose between appealing and filing a motion to modify; that literally applying the statutory language acts to deprive him of his constitutional rights. We find: 1) the language of the statute is clear and unambiguous; 2) there was no constitutional attack made on the statute; 3) there is nothing to prevent a defendant from both appealing and making a motion to modify the conviction. Georgia courts have long held that while a trial judge loses the inherent right to modify a judgment after the term expires, a motion made during the term serves to extend the power to modify. *Ammons v. Bolick,* 233 Ga. 324, 325 (210 SE2d 796) and cits.

The trial judge did not err in denying the motion.

*Judgment affirmed. Deen, P. J., concurs. Webb, J., concurs specially.*

SUBMITTED JULY 15, 1976 — DECIDED SEPTEMBER 13, 1976.

*Jack H. Affleck, Robert D. Peckham,* for appellant.
*Harry N. Gordon, District Attorney, F. B. Tyler, Jr., Assistant District Attorney,* for appellee.

WEBB, Judge, concurring specially.

I concur in the judgment. Where one convicted has reason to believe his sentence is too harsh, he has the right to have such sentence, if it is for five or more years, reviewed by a panel of three superior court judges pursuant to and as provided by Code Ann. § 27-2511.1 (Ga. L. 1974, pp. 352, 358).