66239, 66240. THE STATE v. BRADBURY; and vice versa.

BIRDSONG, Judge.

Bradbury was convicted of four counts of theft by receiving and initially sentenced to three concurrent four-year sentences and one concurrent twelve-month sentence, with two years to be served and the balance probated. He timely filed a motion for new trial, in which he challenged his conviction on the general grounds. After neither defendant nor his counsel appeared at the scheduled hearing on his motion for new trial, the trial court entered an order dismissing his motion. Within the same term, the trial court vacated its earlier order dismissing defendant's motion for new trial and reset the motion for hearing. After hearing and in a subsequent term, the court granted defendant's motion as to one count, denied the motion as to the remaining three counts, and, in a separate order, modified his sentence on the remaining counts to provide that he serve two months with the balance of the concurrent sentences to be probated and that he pay fines totalling $9,000. In Case No. 66240, defendant appeals his convictions and enumerates as error the denial of his motions for directed verdict and new trial, the court's charge, and the denial of his motion to suppress. In Case No. 66239, the state appeals from the modification of defendant's sentence in a term of court different from that in which he was sentenced.

1. We cannot agree with appellant's contention that the trial court erred in denying his motions for directed verdict and new trial on the ground that the state failed to prove he retained the subject

property knowing it to be stolen. The state's evidence showed, in addition to possession of stolen property, that one of the items, a typewriter, contained a sticker identifying it as property of the Fulton County Department of Family and Children Services. The evidence also showed that the defendant attempted to create documents relating to the acquisition of the items shortly after their discovery by the investigating officer. "Under the case law in Georgia, knowledge in a theft by receiving case 'may be inferred from circumstances which would excite the suspicions of an ordinarily prudent man.' [Cits.]" *Barfield v. State,* 149 Ga. App. 166 (3) (253 SE2d 781). The circumstantial evidence introduced by the state was ample to support a jury finding of knowledge on the part of appellant that the property was stolen. Accordingly, the trial court did not err in denying his motions for directed verdict and new trial. Id.

2. In his second enumeration of error, appellant challenges the court's charge of the statutory definition of theft by receiving stolen property (OCGA § 16-8-7 (Code Ann. § 26-1806)). Appellant does not contend that the charge was an erroneous statement of law; instead, he argues, without citation of authority, that the charge allowed the jury to convict him on the basis of evidence of constructive knowledge that the property was stolen, rather than actual knowledge in accordance with the language of the indictment, which charged him with "knowing said property was stolen."

" 'The general rule that allegations and proof must correspond is based upon the obvious requirements (1) that the accused shall be definitely informed as to the charges against him, so that he may be enabled to present his defense and not be taken by surprise by the evidence offered at the trial; and (2) that he may be protected against another prosecution for the same offense. . . .' Berger v. United States, 295 U. S. 78, 82 (55 SC 629, 79 LE 1314)." *DePalma v. State,* 225 Ga. 465, 469-470 (169 SE2d 801). As noted in *Maxey v. State,* 159 Ga. App. 503, 504-505 (284 SE2d 23), our courts have moved away from restrictive applications of the fatal variance rule. Appellant in this case was charged with theft by receiving four specific items of personalty. The indictment was specific as to offense and nature, value, and ownership of the property in question. See *Abercrombie v. State,* 145 Ga. App. 204 (243 SE2d 567). The knowledge requirement for theft by receiving is satisfied if the defendant either "knows or should know" the property was stolen. The trial court correctly charged the definition of the offense, and the defendant was not prejudiced by lack of notice or threat of double jeopardy merely because the indictment failed to contain the words "or should know." This enumeration is without merit.

3. The defendant's third enumeration of error challenges the

trial court's dismissal of his motion to suppress. In the order on the motion, the court dismissed the motion "for the reasons contained in the record of said hearing." That record is not a part of the record on appeal. Consequently, the trial court's ruling is presumptively correct and this enumeration presents nothing for review. *Walker v. State,* 163 Ga. App. 684 (294 SE2d 717); *Moore v. State,* 151 Ga. App. 413, 415 (260 SE2d 350). Nevertheless, our review of the evidence adduced at trial shows no basis for suppression of the evidence in question.

4. The state has taken separate appeal from the trial court's modification of defendant's sentence. The state's argument is based upon the well established rule that a trial court may not modify a defendant's sentence "[a]fter the term of court at which the sentence is imposed...." OCGA § 17-10-1 (a) (Code Ann. § 27-2502). However, " '[a]n order passed in term time, setting the hearing of a motion for new trial on a designated day in vacation, in effect keeps the term, relatively to the particular case, open until the designated day.' [Cit.]" *Yarborough v. State,* 59 Ga. App. 893, 894 (2 SE2d 510). "Georgia courts have long held that while a trial judge loses the inherent right to modify a judgment after the term expires, a motion made during the term serves to extend the power to modify. [Cit.]" *Porterfield v. State,* 139 Ga. App. 553, 554 (228 SE2d 722).

The defendant in this case timely filed a motion for new trial on the general grounds. Although the motion was dismissed, the order of dismissal was vacated within the same term in which it was rendered, and the motion once again was set for hearing. Thus, although the modification of sentence was made in a subsequent term, the motion for new trial kept open "the term [of court], relative to [this] particular case" (*Yarborough,* supra; *Porterfield,* supra) and the trial court retained authority to modify the sentence. *Yarborough,* supra.

The state's argument that the trial court improperly vacated its order dismissing defendant's motion for new trial is without merit. The dismissal order was vacated within the same term, which is within the inherent power of the court. See generally *McCullough v. Molyneaux,* 163 Ga. App. 352, 353 (294 SE2d 560). Consequently, defendant's motion remained viable continuously until its disposition.

*Judgment affirmed. Shulman, C. J., and McMurray, P. J., concur.*

DECIDED JUNE 24, 1983—
REHEARING DENIED JULY 11, 1983 —

*Robert E. Keller, District Attorney, Keith C. Martin, Assistant District Attorney,* for appellant.

*J. Dunham McAllister,* for appellee.