45811. DOBY v. EVANS.
(373 SE2d 757)

WELTNER, Justice.
This is a pro se appeal. Upon supplementation of the record, it appears that, pursuant to a motion filed before the expiration of the term in which the sentence was imposed, the trial court remolded Doby's sentence to run from the date upon which the offenses occurred. Seeking to have the court's order enforced, Doby filed a petition for a writ of mandamus. The mandamus court denied the relief he sought, holding that after the expiration of the term at which a judgment is entered, the trial court has no power to amend or vacate its judgment.

1. OCGA § 17-10-1 provides, in part:

After the term of court, or 60 days from the date on which the sentence was imposed by the judge, whichever time is greater, he shall have no authority to suspend, probate, modify, or change the sentence of the defendant, *except as otherwise provided by law.* [Emphasis supplied.]

2. *State v. Bradbury,* 167 Ga. App. 390, 392 (306 SE2d 346) (1983) held:

"Georgia courts have long held that while a trial judge loses the inherent right to modify a judgment after the term expires, a motion made during the term serves to extend the

power to modify. [Cit.]" *Porterfield v. State*, 139 Ga. App. 553, 554 (228 SE2d 722) [1976].

*Judgment reversed. All the Justices concur.*

DECIDED DECEMBER 1, 1988 — RECONSIDERATION DENIED DECEMBER 20, 1988.

James R. Doby, *pro se.*
*Michael J. Bowers, Attorney General, Neal B. Childers, Assistant Attorney General,* for appellee.