## A99A0451. O'NEAL v. THE STATE.
(519 SE2d 244)

SMITH, Judge.

This is the second appearance of this case before this court. In *O'Neal v. State*, 211 Ga. App. 741 (440 SE2d 513) (1994), we affirmed O'Neal's convictions on charges of possession of cocaine with intent to distribute and misdemeanor obstruction of an officer. He now appeals pro se from the trial court's denial of three post-conviction motions. We find no merit in any of O'Neal's contentions, and we affirm the trial court's denial of the motions.

1. O'Neal contends the trial court erred in denying his extraordinary motion for new trial based on newly discovered evidence. As best we understand his motion and his brief, the "newly discovered evidence" consists entirely of allegations that the arresting officers were under investigation at the time of O'Neal's trial and the Macon Police Department later dismissed one or both of them; that one officer did not prove the existence or reliability of an informer from whom he received information; and that one officer's testimony at a pretrial hearing differed from his testimony at trial.

Even assuming the record contained admissible evidence supporting these allegations, the trial court correctly found that the sole use of the evidence would be to impeach the credibility of the officers. As such, it does not support the grant of an extraordinary motion for new trial. "Under OCGA § 5-5-23, newly discovered evidence that is merely impeaching in its character cannot be the basis for a new trial." (Citation and punctuation omitted.) *Lawrence v. State*, 227 Ga. App. 70, 74 (487 SE2d 608) (1997). The trial court did not err in denying O'Neal's extraordinary motion for new trial.

2. In his next argument, O'Neal appears to assert that his sentence was "illegal" because he was sentenced to less than the maximum allowable sentence even though the State indicted him as a recidivist. O'Neal is correct that he was sentenced to a shorter term of confinement than is mandated by OCGA § 17-10-7 (a). The statute provides:

Except as otherwise provided in subsection (b) of this Code section, any person convicted of a felony offense in this state

. . . and sentenced to confinement in a penal institution, who shall afterwards commit a felony punishable by confinement in a penal institution, shall be sentenced to undergo the longest period of time prescribed for the punishment of the subsequent offense of which he or she stands convicted, provided that, unless otherwise provided by law, the trial judge may, in his or her discretion, probate or suspend the maximum sentence prescribed for the offense.

Cocaine is a Schedule II drug. OCGA § 16-13-26 (1) (D). The maximum sentence for a first offense of possession with intent to distribute is 30 years. OCGA § 16-13-30 (d). O'Neal was sentenced to 20 years. He therefore is correct in stating that he was sentenced to a shorter term of confinement than that required by the statute. But as recognized by the trial court, the error was a benefit, and he cannot complain. *Murphy v. State*, 203 Ga. App. 152, 155 (3) (416 SE2d 376) (1992) (full concurrence as to Division 3). The trial court did not err in denying O'Neal's motion to correct an illegal sentence.

3. In his final enumeration of error, O'Neal maintains the trial court erred in denying his motion for reduction of sentence. His request for sentence reduction has been denied twice before. O'Neal acknowledges that the cases he cites in support of his request address sentence reduction within the same or the next term of court, and they are not applicable almost six years after conviction. See, e.g., *Doby v. Evans*, 258 Ga. 777 (373 SE2d 757) (1988); *State v. Bradbury*, 167 Ga. App. 390, 392 (4) (306 SE2d 346) (1983). As noted in *Doby*, a court has no power to amend or vacate its judgment after the expiration of the term at which judgment is entered. Id. The trial court did not err by denying O'Neal's motion for sentence reduction.

*Judgment affirmed. Pope, P. J., and Eldridge, J., concur.*

DECIDED JUNE 7, 1999 — CERT. APPLIED FOR.

Buster O'Neal, Jr., *pro se.*
*Charles H. Weston, District Attorney, Howard Z. Simms, Assistant District Attorney*, for appellee.