A10A0664. COLBERT v. THE STATE.
(694 SE2d 694)

BLACKBURN, Presiding Judge.

In 2001, George Colbert entered into a negotiated guilty plea on charges of kidnapping, aggravated assault, armed robbery, and theft of a motor vehicle. The trial court accepted this plea and sentenced Colbert to eighteen years imprisonment each on the charges of kidnapping, aggravated assault, and armed robbery, and ten years

imprisonment on the charge of theft, with all sentences to be served concurrently. On the sentencing sheet, the trial court noted that Colbert was sentenced pursuant to OCGA § 17-10-7 (a) and (c), thereby indicating that Colbert was not eligible for parole. This Court subsequently confirmed Colbert's convictions. See *Colbert v. State*[1] (affirming the denial of Colbert's motion to withdraw his guilty plea).

In October 2009, Colbert filed a pro se motion to vacate his sentence, claiming that it was illegal and therefore void. The trial court denied that motion and Colbert filed this appeal. Because Colbert's sentence was within the range allowed by the applicable statutes, his claim that such sentence was void is without merit. Accordingly, we affirm the trial court's order.

"A sentence is void if the court imposes punishment that the law does not allow. When the sentence imposed falls within the statutory range of punishment, the sentence is not void. . . ." (Citations and punctuation omitted.) *Jones v. State*.[2] Colbert does not dispute that the sentences imposed by the trial court fell within the range allowed by law. See former OCGA § 16-5-40 (b) (2001) (kidnapping punishable by imprisonment for a term of ten to twenty years); OCGA §§ 16-5-21 (b) (aggravated assault punishable by imprisonment for a term of one to twenty years); 16-8-41 (b) (armed robbery punishable by imprisonment for a term of ten to twenty years); 16-8-12 (a) (1) (theft punishable by imprisonment for a term of one to ten years). Rather he asserts that the trial court imposed an illegal sentence when it simultaneously sentenced him to less than the statutory maximum and sentenced him as a recidivist, pursuant to OCGA § 17-10-7 (a) and (c). In other words, Colbert claims his sentence was illegal because, although allegedly imposed pursuant to OCGA § 17-10-7, the trial court failed to comply with that statute's mandate that it impose the maximum penalty allowed by law. This argument fails for at least two reasons.

OCGA § 17-10-7 (a) provides, in relevant part:

> . . . [A]ny person convicted of a felony offense in this state . . . and sentenced to confinement in a penal institution, who shall afterwards commit a felony punishable by confinement in a penal institution, shall be sentenced to undergo the longest period of time prescribed for the punishment of the subsequent offense of which he or she stands convicted, provided that, unless otherwise provided

---

[1] *Colbert v. State*, 264 Ga. App. 519 (591 SE2d 364) (2003).
[2] *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004).

> by law, *the trial judge may, in his or her discretion, probate or suspend the maximum sentence prescribed for the offense.*

(Emphasis supplied.) OCGA § 17-10-7 (c) mandates that a defendant convicted of a fourth felony "must . . . serve the *maximum time provided in the sentence of the judge*" and "shall not be eligible for parole until the maximum sentence has been served." (Emphasis supplied.)

Construing the language of these subsections together, this Court has held that they do not divest the trial court of its "discretion to [impose a] sentence within the minimum and maximum sentence provided for the crime charged." *Johnson v. State.*[3] See also *Blevins v. State;*[4] *Buckner v. State.*[5] Accordingly, this statute permitted Colbert's sentence of 18 years without parole, and such sentence was not illegal.

Moreover, assuming arguendo that Colbert was "correct in stating that he was sentenced to a shorter term of confinement than that required by the statute[,] . . . the error was a benefit" to him, and it therefore cannot serve as the basis for post-conviction relief. *O'Neal v. State.*[6] See also *Murphy v. State*[7] (defendant not entitled to post-conviction relief based on fact that trial court imposed a sentence less than that required by law). "It is axiomatic that [to obtain post-conviction relief,] harm as well as error must be established by an appellant. . . ." (Punctuation omitted.) *Gilford v. State.*[8]

For the reasons set forth above, we affirm the trial court's order denying Colbert's motion to vacate his sentence. We also deny the State's motion to dismiss the appeal as frivolous.

*Judgment affirmed. Barnes and Bernes, JJ., concur.*

DECIDED MARCH 31, 2010 —
RECONSIDERATION DENIED APRIL 22, 2010.

George Colbert, *pro se.*
*Julia F. Slater, District Attorney, Kristy W. Dugan, Assistant District Attorney*, for appellee.

---

[3] *Johnson v. State*, 285 Ga. App. 590, 591 (3) (646 SE2d 760) (2007).
[4] *Blevins v. State*, 270 Ga. App. 388, 394 (5) (606 SE2d 624) (2004).
[5] *Buckner v. State*, 253 Ga. App. 294, 296-297 (3) (558 SE2d 823) (2002).
[6] *O'Neal v. State*, 238 Ga. App. 446, 447 (2) (519 SE2d 244) (1999).
[7] *Murphy v. State*, 203 Ga. App. 152, 155 (3) (416 SE2d 376) (1992).
[8] *Gilford v. State*, 295 Ga. App. 651, 655 (4) (673 SE2d 40) (2009).