## 32419. BOWEN v. THE STATE.

UNDERCOFLER, Presiding Justice.

This case involves two procedural questions certified to this court from the Court of Appeals. The first question inquires as to the effect on criminal cases of the repeal of Code Ann. §§ 110-702 and 110-703 by the Civil Practice Act (Code Ann. § 81A-201), while the second question concerns the term in which a judgment may be amended or rescinded by the trial court in its discretion.

1. There are three subparts to question one: (1) Are Code Ann. §§ 110-702 and 110-703 repealed for all purposes, both civil and criminal? (2) Are all statutes specifically repealed by the Civil Practice Act, Section 135 (Code Ann. § 81A-201) repealed for all purposes, both civil and criminal? (3) Is existing case law interpreting or citing repealed Code sections, where applicable, to be considered valid or controlling authority?

The first question, outlined above, is based on *Pritchard v. State,* 224 Ga. 776, 780 (164 SE2d 808) (1968). There we held that "[s]ince the statute authorizing directed verdicts [Code Ann. § 110-104] in existence at the time of the *Sutton* case [*Sutton v. State,* 223 Ga. 313 (154 SE2d 578) (1967)] was decided has been *repealed, and there is presently no statutory authority for the direction of a verdict in a criminal case,* the ruling in the *Sutton* case . . . is no longer controlling authority." (Emphasis supplied.) After *Pritchard,* however, the legislature amended Title 27 on Criminal Procedure in order to provide for motions for directed verdict in criminal cases. Ga. L. 1971, pp. 460, 461 (Code Ann. § 27-1802). In *Merino v. State,* 230 Ga.604 (198 SE2d 311) (1973), we pointed out this fact. Therefore, the ruling in *Pritchard* that there is no statutory authority for a directed verdict in a criminal case is no longer viable.

Code Ann. §§ 110-702 and 110-703 have also been repealed by Code Ann. § 81A-201. These sections provided for, and distinguished, the motion in arrest of judgment. Although that statute has been specifically repealed, Title 27 still provides for a motion in arrest of judgment in criminal cases: Cobb 833; Code Ann. § 27-1601. *Marshall v. Marshall,* 229 Ga. 841 (195 SE2d 12) (1972).

It is clear then that the provisions of Title 110 which

have been repealed specifically by Code Ann. § 81A-201 have been rendered void and are generally no longer effective.[1] Cases construing these sections of the Code, however, are of precedential value in construing the same or similar provisions found elsewhere in the Code, e.g., *Frost v. Frost,* 235 Ga. 672 (221 SE2d 567) (1975).

The answer to each of the three subparts of question one is, therefore, yes, with only the limitation expressed in Footnote 1.

2. The second question is "Can a trial court, on request by one of the parties in a criminal case, review and amend or rescind its order or judgment granting a new trial in a case in which the order was signed in one term, but not entered by the clerk until the following term?"

The Court of Appeals inquiry is predicated on our language in, for example, *Ammons v. Bolick,* 233 Ga. 324, 325 (210 SE2d 796) (1974): "The rule as to the power of the trial court to change its judgment during the term in which it is *rendered* is an inherent power unchanged by the CPA. . . While this authority does not exist after the term of rendition, if the proceedings are begun during the term, they may be continued over and the judgment set aside or modified after the expiration thereof." (Emphasis supplied.) Accord, *Martin v. General Motors Corp.,* 226 Ga. 860 (178 SE2d 183) (1970); *Maxwell v. Cofer,* 201 Ga. 222 (39 SE2d 314) (1942). The Court of Appeals query is focused on the emphasized word, "rendered." Does the term in which the judgment is *rendered* or the term in which it was *entered* control?

We think that *Ammons v. Bolick,* supra, and the other cases cited, contemplated not only the *rendering,* but also the *entry* of that judgment. The rule is clear under the Civil Practice Act (Code Ann. § 81A-158 (b)), and under the Appellate Practice Act (Code Ann. § 6-903), that a judgment is effective only upon *entry,* and that *filing* a judgment signed by the judge with the clerk constitutes entry. Although there is no such statute for criminal cases, the courts have applied a similar rule.

---

[1] See the limitations noted in the editorial comments to Code Ann. § 110-701.

*Long v. Stanley,* 200 Ga. 239 (36 SE2d 785) (1946); *Ballard v. State,* 131 Ga. App. 847 (207 SE2d 246) (1974); *Olivet v. State,* 117 Ga. App. 860 (162 SE2d 306) (1968). Therefore, the term of court in which the judgment rendered became effective is controlling; that is, when it was entered by filing the signed order with the clerk. Question 2 is therefore also answered in the affirmative.

*Answer to Questions 1 and 2 is yes. All the Justices concur.*

SUBMITTED JUNE 17, 1977 — DECIDED SEPTEMBER 7, 1977.

*Joe Salem,* for appellant.

*V. D. Stockton, District Attorney, Michael H. Crawford,* for appellee.