73653. ROGERS v. THE STATE.
(356 SE2d 546)

SOGNIER, Judge.

Appellant was convicted of violating the Georgia Controlled Substances Act by possessing cocaine.

1. Appellant was acquitted of a charge of trafficking in cocaine by delivering and bringing into Georgia more than 200 grams of cocaine on March 21, 1985. She was convicted of a charge of possession of cocaine on March 22, 1985. Appellant contends the trial court erred by sentencing her on the possession charge because the State's evidence as to trafficking in cocaine and possession of cocaine was the same. Thus, appellant argues, if she was not guilty of trafficking in cocaine she was not guilty of possessing the same cocaine and it was error to sentence her on the possession charge. This enumeration of error is not supported by the transcript.

The more than 200 grams of cocaine in question were brought into the state from Florida on March 21, 1985 by Blanca Barreal and Jorge Aranguren-Suarez for delivery to Arthur Ellis, a drug dealer in Macon, Georgia. When Barreal and Suarez arrived at the bus station in Macon they were met by Ellis, and as they left the bus station they were arrested and the cocaine was seized. On the following day police searched Ellis' home in Macon and appellant was present. Two small packets of cocaine were found in her purse. Obviously, this was not the same cocaine as the cocaine that had been seized the previous day, and the two incidents occurred on different dates at different locations. Hence, the offenses were separate as a matter of law and as a matter of fact. See *Walker v. State*, 168 Ga. App. 130 (1) (308 SE2d 404) (1983); *Clarington v. State*, 178 Ga. App. 663, 667 (6) (344 SE2d 485) (1986). Accordingly, appellant's contention that the jury's verdict was inconsistent is not well taken. Even had the verdict been inconsistent, the rule against inconsistent verdicts has been abolished in Georgia. *Milam v. State*, 255 Ga. 560, 562 (2) (341 SE2d 216) (1986).

Appellant's contention that the trial court charged the jury that the possession of cocaine in both counts was identical is not sup-

ported by the transcript. The trial court charged the jury that possession of cocaine was a lesser offense of trafficking in cocaine and defined the offense of possession of cocaine. Immediately thereafter the court charged the jury on possession of cocaine, and informed the jury that since it had already defined the offense of possession of cocaine (in connection with the trafficking charge), it would not repeat that definition. This was *not* a charge that the cocaine referred to in both counts was the same, and this court cannot consider factual representations in a brief which do not appear in the record. *McCutchen v. State*, 177 Ga. App. 719, 723 (3) (341 SE2d 260) (1986).

2. Appellant contends the trial court erred by admitting her statement to the police into evidence because she had not been advised of the nature of the offense she was going to be questioned about. This contention is based on the fact that the waiver of rights form referred to possession of cocaine on March 22, 1983 rather than March 22, 1985, the date appellant was arrested for possession of cocaine that was the basis of the charge in this case.

At a *Jackson-Denno* hearing (*Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908)), the officer who arrested appellant testified that after her arrest appellant was taken to the Bibb County courthouse where she was advised of her rights. Appellant stated that she understood her rights, signed a waiver of rights form, and then answered questions freely and voluntarily about her association with Suarez and the cocaine that was found in her purse. Other than the written date of March 22, 1983, no mention was ever made of any offense on that date. Although appellant contends she was "befuddled" and thought she was going to be questioned about an incident in 1983, appellant made no objection to the admission of her statement on the ground stated in this enumeration of error, and it is well settled that this court will not consider questions raised for the first time on review. *Bowen v. State*, 173 Ga. App. 361, 362 (4) (326 SE2d 525) (1985).

3. Appellant contends the trial court erred by denying her motion to suppress the results of electronic surveillance by means of a wiretap on the telephone of a co-defendant, Ellis, resulting in interception of telephone calls between Ellis and appellant. This enumeration of error is without merit.

Since the wiretap was on Ellis' telephone, appellant had no standing to object to an alleged violation of Ellis' Fourth Amendment rights. *Romano v. State*, 162 Ga. App. 816, 818 (1(a)) (292 SE2d 533) (1982). Since none of appellant's Fourth Amendment rights were violated by the wiretap of Ellis' telephone, appellant was not an aggrieved person and was not entitled to the protection of the exclusionary rule; thus, she had no standing to object to the wiretap of Ellis' telephone. Id.; *Gonzalez v. State*, 175 Ga. App. 217, 222 (3(k))

(333 SE2d 132) (1985).

4. Appellant's last four enumerations of error relate to the trial court's denial of motions for mistrial made after allegedly improper remarks by the prosecuting attorney in closing argument, and the court's failure to rebuke the prosecuting attorney and instruct the jury to disregard the improper argument. Both of the remarks which appellant contends were grounds for a mistrial related to the charge of trafficking in cocaine, of which appellant was acquitted. Accordingly, any alleged errors in connection with that count are moot.

*Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED APRIL 10, 1987.

*W. Washington Larsen, Jr.*, for appellant.

*Willis B. Sparks III, District Attorney, Thomas J. Matthews III, Assistant District Attorney*, for appellee.