A89A0938. PLEDGER v. THE STATE.
A89A1100, A89A1101. COBB v. THE STATE.
A89A1104. GRIGGS v. THE STATE.
(388 SE2d 425)

BEASLEY, Judge.

Pledger, Cobb, and Griggs were indicted for kidnapping a woman, Ella Fountain, and her two daughters, Cassandra and Denitria Fountain, OCGA § 16-5-40, robbing the woman at gunpoint, OCGA § 16-8-41, and raping the woman and one of the daughters, OCGA § 16-6-1. All were tried together by a jury. Pledger was convicted of armed robbery and kidnapping of all three victims. Cobb was convicted of the kidnappings, the armed robbery, and the rape of Cassandra Fountain. Griggs was convicted of three counts of kidnapping, armed robbery and the rape of Ella Fountain.

1. Case Nos. A89A1100 and A89A1101 are duplicate appeals by Cobb. As a result of this and because A89A1101 is not supported by enumeration of error or brief, it is treated as abandoned and dismissed.

2. Pledger and Cobb enumerate as error the denial of a new trial on evidence insufficiency. Cobb and Griggs claim error in the court's reversing its order granting a new trial to them.

(a) As to the latter question, a procedural one, the three motions for new trial were heard and, in the same November term of court, granted as to Cobb and Griggs, denied as to Pledger. The trial court was of the opinion, based on *Cruz v. New York,* 481 U. S. 186 (107 SC 1714, 95 LE2d 162) (1987), that because of Pledger's written statement implicating the other two, they were entitled to a separate trial or one at which all three were tried but Pledger's statement was excluded. In the next term of court, January (OCGA § 15-6-3 (3)), the court without further hearing vacated the prior order and denied a new trial to Cobb and Griggs as well.

What was stated in *Salisbury v. Grimes,* 223 Ga. 776, 778 (2) (158 SE2d 412) (1967), applied here: "When appellant was granted a new trial, it wiped the slate clean as if no previous conviction and sentence had existed." The question for our decision is, even if the verdict and sentences could have been resurrected, did the trial court have authority to do so after the term in which the order was entered had ended.

" 'During the term of the court at which a judgment is rendered, it is within the breast of the presiding judge, and may be vacated

upon proper cause shown; but after the term has expired, the judgment 'is upon the roll' and is not subject to review or revision by the trial court.' " *Gobles v. Hayes*, 194 Ga. 297, 300 (21 SE2d 624) (1942). The power of the court, during the term, is described as plenary, to be used for the purpose of promoting justice, but the court's discretion, although broad, is not unbounded and should be exercised only upon sufficient cause shown. *Deen v. Baxley State Bank*, 192 Ga. 300, 303 (1) (15 SE2d 194) (1941).

The effect of a new trial grant is to leave the cause pending in the lower court. In civil cases and under OCGA § 9-11-6 (c), our courts have distinguished between interlocutory rulings and final judgments. "While final judgments may not be modified after the term in which they were rendered (subject to certain exceptions), 'an interlocutory ruling does not pass from the control of the court at the end of the term if the cause remains pending.' " *Hodges Plumbing &c. Co. v. ITT Grinnell Co.*, 179 Ga. App. 521, 522 (1) (347 SE2d 257) (1986). See *Hubbert v. Williams*, 175 Ga. App. 393, 394 (1) (333 SE2d 425) (1985); *Bradley v. Tattnall Bank*, 170 Ga. App. 821, 823 (1) (318 SE2d 657) (1984); *Van Keuren v. Loomis*, 128 Ga. App. 136 (1) (195 SE2d 776) (1973).

The power of the court during, but not beyond, the term is an inherent one, *East Side Lumber &c. Co. v. Barfield*, 193 Ga. 273, 276 (1 & 2) (18 SE2d 492) (1942), predating the CPA, and as to criminal cases has not been modified by statute, as have those cases civil in nature. See *Ammons v. Bolick*, 233 Ga. 324, 325 (210 SE2d 796) (1974). Prior to the CPA, the rule was: "The mere fact that a cause is still pending, no final judgment on the merits having been rendered, does not preserve in the court power to revoke interlocutory rulings made at a term which has passed." *McCandless v. Conley*, 115 Ga. 48, 51 (1) (41 SE 256) (1902). Accord *Gulf Life Ins. Co. v. Gaines*, 50 Ga. App. 504, 505 (179 SE 199) (1935) (physical precedent); *Rusk v. Hill*, 117 Ga. 722, 730 (45 SE 42) (1903); *Rogers v. Rigell*, 183 Ga. 455, 456 (188 SE 704) (1936).

The present order was entered in one term and vacated in another. In a criminal case the inherent power still ceases with the term's end. *Bowen v. State*, 239 Ga. 517, 518 (2) (238 SE2d 62) (1977), held that a trial court could rescind its order granting a new trial where proceedings to vacate such order were begun during the term it was entered (the most important exception to the end of term rule). Implicit from the decision is the recognition that if a motion had not been filed during the term then the grant of the new trial could not have been set aside after the term. See *Bowen v. State*, 144 Ga. App. 329, 332 (241 SE2d 431) (1977); *Ramsey v. State*, 212 Ga. 381, 385 (92 SE2d 866) (1956).

At the beginning of the January term, any action with respect to

whether there should be a new trial or not was complete. The power to reinstate the original judgment had expired at the end of the November term.

Cobb and Griggs are entitled to a new trial.

(b) Their remaining enumerations of error fail to disclose a further basis for reversal.

(c) The substantive question, of the sufficiency of evidence, need be decided only with respect to Pledger. It is within the jury's province to resolve contradictions in evidence and decide issues of credibility of witnesses. *Rhodes v. State*, 153 Ga. App. 306, 307 (265 SE2d 110) (1980). In addition, it is entitled to draw any reasonable inference from the evidence presented. *Dowdy v. State*, 150 Ga. App. 137, 139 (257 SE2d 41) (1979); *United States v. Yeatts*, 639 F2d 1186 (5th Cir. 1981). These principles being so, the appellate court is relegated to reviewing the evidence construed in favor of the verdict. *Hosch v. State*, 185 Ga. App. 71 (1) (363 SE2d 258) (1987). The combined testimony of the three victims, supported by that of law enforcement investigators and scientific experts, was sufficient to establish the elements of the crimes Pledger was found guilty of committing, applying the test of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

Identity was the key issue, rather than whether or not the events occurred. Pledger was identified as one of the two men who first approached the victims' car, abducted them, partially by display of Pledger's gun, took them to a deserted area for robbery and rape with Pledger driving, took the daughters to the family home for burglarizing, and drove off with them again. Pledger, who was Griggs' nephew, was arrested wearing shoes taken from the mother when she was raped the second time. Another victim of a similar incident which took place the same day also identified Pledger as one of the three men who attacked her. Pledger gave a statement when arrested, implicating all three.

3. Pledger's other enumeration is that the court erred in denying his motion to sever his trial from that of the others, which denial infringed on his Federal Constitutional Sixth Amendment right to effective assistance of counsel. He argues that he was entitled to severance because the number of defendants created confusion of the evidence and law applicable to each, citing *Crawford v. State*, 148 Ga. App. 523, 526 (251 SE2d 602) (1978). Unlike the situation in the *Crawford* case, however, Pledger was not merely passively involved, with only minimal evidence against him, which in Crawford's case had convinced the court that it was highly probable that the substantial evidence against the co-defendants had a spillover effect and resulted in his being found guilty by association.

Pledger was one of the two who first approached the victims' car.

He had a gun. He drove the victims' car throughout the ordeal, first with the mother in the trunk and then on the second leg of the journey with the eldest daughter confined there. He participated in the robbery and later in the burglary. By his statement before trial, he denied raping the mother and the daughter. The jury found him not guilty of rape.

Applying the first test set out in *Crawford*, which is the only one Pledger draws into the issue, the evidence and the law relevant to him were not confused by the number of defendants as a matter of law. The court did not abuse its discretion in refusing to provide Pledger with a separate trial. OCGA. § 17-8-4; *Rivers v. State*, 178 Ga. App. 310, 311 (2) (342 SE2d 781) (1986); *Kennedy v. State*, 253 Ga. 132, 134 (2) (317 SE2d 822) (1984). See *Reaves v. State*, 146 Ga. App. 409, 411 (2) (246 SE2d 427) (1978). Pledger does not demonstrate, nor do we perceive, how the joint trial deprived him of effective assistance of counsel. See *Cain v. State*, 235 Ga. 128, 129-130 (218 SE2d 856) (1975).

*Appeal dismissed in Case No. A89A1101; judgments reversed in Case Nos. A89A1100 and A89A1104; judgment affirmed in Case No. A89A0938. Carley, C. J., and McMurray, P. J., concur.*

DECIDED NOVEMBER 20, 1989.

*Allison V. Cobham*, for appellant (case no. A89A0938).

*Robert G. Fierer, Gary N. Finder, Daniel E. Gavrin*, for appellant (case nos. A89A1100, A89A1101).

*Hurl R. Taylor, Jr.*, for appellant (case no. A89A1104).

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Joyce M. Averils, Benjamin H. Oehlert III, Assistant District Attorneys*, for appellee.

