## A89A1914. HOWARD v. THE STATE.
(390 SE2d 415)

McMURRAY, Presiding Judge.

Defendant Howard was indicted, tried and convicted of the offenses of child molestation, aggravated child molestation, and statutory rape. On September 28, 1988, defendant was sentenced. His motion for new trial was timely filed, and on April 20, 1989, the trial court's order granting his motion for new trial was entered. On May 1, 1989, the first day of the May term of the Superior Court of DeKalb County (OCGA § 15-6-3 (37)), the State filed its motion for reconsideration requesting an order setting aside the grant of defendant's motion for new trial. After a lengthy hearing, the State's motion for reconsideration was granted on June 9, 1989, and defendant's motion for new trial was denied. Defendant's notice of appeal was filed on June 22, 1989. Subsequently, on August 14, 1989, the trial court entered an order which granted defendant's motion for new trial as to the offense of statutory rape only, and ordered "that the Defendant be granted an order of nolle prosequi" on the statutory rape charge. *Held:*

1. Defendant, acting pro se in the case sub judice, contends that the trial court erred in vacating its grant of his motion for new trial. Indeed, it is clear under this Court's recent decision in *Pledger v. State*, 193 Ga. App. 588 (388 SE2d 425) (1989), that the trial court's power to reinstate the original judgment had expired at the end of the March term during which defendant's motion for new trial had been granted. In the case sub judice, proceedings to revive the convictions

were *not* begun during the term in which the order granting the new trial was entered. Compare *Bowen v. State*, 239 Ga. 517, 518 (2) (238 SE2d 62). Defendant is entitled to a new trial.

2. Review of the transcript in the light most favorable to the jury's verdict reveals evidence sufficient to enable any rational trier of fact to find beyond a reasonable doubt that defendant was guilty of the offenses charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Daniels v. State*, 192 Ga. App. 446 (1), 447 (385 SE2d 107).

3. Defendant's remaining enumerations of error are either rendered moot by Division 1 of this opinion, deemed abandoned due to lack of argument or citation of authority in support thereof, or present nothing for appellate review since they attempt to raise issues which were not submitted to the trial court.

*Judgment reversed. Carley, C. J., and Beasley, J., concur.*

DECIDED JANUARY 9, 1990 —
REHEARING DENIED JANUARY 26, 1990 —

*W. Edward Nethery*, for appellant.
Edgar W. Howard, *pro se.*
*Robert E. Wilson, District Attorney, Desiree L. Sutton, J. Thomas Morgan, Assistant District Attorneys*, for appellee.