A91A0249. HOWARD v. THE STATE.
(407 SE2d 769)

BEASLEY, Judge.

Edgar Howard a/k/a James W. Taylor appeals his convictions of child molestation, OCGA § 16-6-4 (a), and aggravated child molestation, OCGA § 16-6-4 (c).

When appellant married Barbara Clark in June 1986, he moved into her apartment with her, her daughter Nekita and her son Raymond. Early one morning in April 1988, Barbara walked into her bedroom and found appellant lying on the bed fondling Nekita, then age 12. Barbara testified that, "[h]e had his hand busy between her legs." She left the room unnoticed and did not alert appellant that she had seen him masturbating her daughter, because she was afraid that ap-

pellant, who was an aficionado of guns and other lethal weapons, might kill her and Nekita.

Two days later, she confronted Nekita while they were alone and told her what she had seen. Nekita confirmed the occurrence, told her mother that it happened on numerous prior occasions, and stated that she was contemplating suicide because she could not live with it anymore. Her mother told her to go to school the next day and not to come home afterward. On the following day, Barbara took an overdose of sleeping pills in order to call attention to what was transpiring in her house.

After her mother took the overdose, Nekita told James Chatmon, Barbara's brother, that she had been molested by appellant. Chatmon telephoned the police and talked to an officer, who met Chatmon and Nekita at the hospital where Barbara was hospitalized. Nekita gave an oral statement to the officer and appellant was arrested. Barbara consented to a search of her apartment, which yielded assorted guns, weapons, and ammunition.

Nekita testified that beginning in 1987, when she was 11 years old, appellant began touching her in ways she did not like. At that time, appellant was generally sleeping in the living room rather than with Barbara in the bedroom, because "[h]e said he wanted to protect us." He would instruct Nekita to disrobe, and he would touch her in her vaginal area, usually with his finger although he had also placed his tongue in her vagina. She did not tell anyone because she was afraid of him. When he fondled her he would say "that it was only masturbation; it wasn't a sin."

Appellant held family meetings about masturbation by the children so that they would be "sexually satisfied at home." Appellant told Nekita that he did not want her to be with any other men and that, sexually, she belonged to him. There was medical testimony that the victim's hymen was not intact and that this was consistent with the victim's vagina having been digitally penetrated.

1. Appellant contends that under *Smith v. State*, 259 Ga. 135 (377 SE2d 158) (1989), the trial court erred in granting a motion in limine by which the state sought to prohibit appellant from introducing evidence of false allegations of sexual misconduct made by the victim against two men.

Appellant was allowed to introduce the testimony of one of the men concerning an alleged false accusation of sexual conduct made by the victim against him. The testimony introduced relative to the victim's allegations of molestation by the other man authorized the court in ruling that a "reasonable probability" that these allegations were false was not proven.

2. The complaint that the evidence was insufficient requires a review of the evidence in the light most favorable to the verdict. It was

sufficient to have authorized any rational trier of fact in finding the essential elements of the crimes beyond a reasonable doubt. *Adams v. State*, 255 Ga. 356 (338 SE2d 860) (1986), citing *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); see also *Baker v. State*, 245 Ga. 657, 666 (5) (266 SE2d 477) (1980).

3. Appellant claims that the trial court admitted perjured and fabricated testimony of the victim, thereby violating OCGA § 24-9-85 (b).

No reference is made to the whereabouts of this testimony or evidence of its fabrication in the over 1,000 pages of evidence in the transcript. "The burden is on the party alleging error to show it affirmatively by the record. [Cits.]" *Moye v. State*, 127 Ga. App. 338, 341 (193 SE2d 562) (1972); *Rambo v. Fulton Financial Corp.*, 145 Ga. App. 791 (245 SE2d 12) (1978). See *Dugger v. Danello*, 175 Ga. App. 618, 620 (2) (334 SE2d 3) (1985). Nevertheless, appellant's contention that fabrication is established by inconsistencies in her testimony is rejected; it is for the jury to resolve the conflicts. *Burrell v. State*, 258 Ga. 841 (1) (376 SE2d 184) (1989).

Appellant also contends that to the extent the victim's testimony conflicted with the testimony of other witnesses, it should have been disallowed under OCGA § 24-9-85 (a). This enumerated error is likewise not supported by specific references to the transcript.

In any event, inconsistencies in the testimony of witnesses do not in and of themselves authorize a conclusion that some of the testimony was perjured. *Burrell*, supra. "It is uniquely within the province of the jury to weigh conflicting testimony under proper instructions from the Court. [Cit.]" (Footnote omitted.) *Burrell*, 258 Ga. at 842, supra; OCGA § 24-9-85 (a).

The trial court charged the jury on the provisions of OCGA § 24-9-85 (a) and (b) and that the jury could consider prior inconsistent statements of witnesses not only for impeachment but also as substantive evidence.

4. For various reasons, appellant enumerates as error the admission of the victim's out-of-court statements as unreliable.

Out-of-court statements made by the victim to her mother, uncle, and the officer were admitted in evidence. The Child Hearsay Statute, OCGA § 24-3-16, allows the admission of such evidence "if the child is available to testify in the proceedings and the court finds that the circumstances of the statement provide sufficient indicia of reliability." See *Sosebee v. State*, 257 Ga. 298 (357 SE2d 562) (1987); *In the Interest of K. T. B.*, 192 Ga. App. 132 (384 SE2d 231) (1989). The evidence in this case authorized a finding that the circumstances surrounding statements provided sufficient indicia of reliability. See *Windom v. State*, 187 Ga. App. 18 (2) (369 SE2d 311) (1988). In addition, the victim did testify and was thus subject to a thorough cross-

examination. See *Reynolds v. State*, 257 Ga. 725 (3) (363 SE2d 249) (1988).

5. Appellant contends that there was a merger of the offense of child molestation and the offense of aggravated child molestation.

"A person commits the offense of child molestation when he does any immoral or indecent act to or in the presence of or with any child under the age of 14 years with the intent to arouse or satisfy the sexual desires of either the child or the person." OCGA § 16-6-4 (a). "A person commits the offense of aggravated child molestation when he commits an offense of child molestation which act physically injures the child or involves an act of sodomy." OCGA § 16-6-4 (c).

Appellant was indicted for child molestation based on his having placed his finger in the child's vagina and for aggravated child molestation based on his having placed his mouth on the child's vagina. An act of sodomy against a child is aggravated sodomy. *Huggins v. State*, 192 Ga. App. 820 (1) (386 SE2d 703) (1989). Child molestation and aggravated sodomy are legally distinct, and when, as here, the indictment for each offense is based on separate and distinct acts, the offenses do not merge. Id. at 821 (2). Both convictions stand. See generally OCGA §§ 16-1-6; 16-1-7; *Pryor v. State*, 238 Ga. 698 (1) (234 SE2d 918) (1977).

6. Double jeopardy is claimed because this was defendant's second trial. See *Howard v. State*, 194 Ga. App. 331 (390 SE2d 415) (1990).

Retrial of a defendant is not barred if post-conviction "proceedings resulted in the invalidation, setting aside, reversal, or vacating of the conviction, unless the accused was thereby adjudged not guilty or unless there was a finding that the evidence did not authorize the verdict." OCGA § 16-1-8 (d) (2). Where the defendant secures a new trial based on the commission of reversible error at a prior trial, the plea of double jeopardy is waived. *Staggers v. State*, 225 Ga. 581 (1) (170 SE2d 430) (1969). The retrial was not unlawful.

7. Appellant asserts that the trial court erred in not granting his demand for trial in January 1990 pursuant to OCGA § 17-7-170.

In the prior appeal, the remittitur of this Court was not filed in the trial court until March 28, 1990. Appellant was tried during the next succeeding term, rendering it timely. See *Dennis v. Grimes*, 216 Ga. 671 (2) (118 SE2d 923) (1961). Moreover, appellant's "demand" is an uncaptioned letter dated January 17, 1990, which requests the trial court to set a date for a new trial "without further ado." It does not constitute a demand for speedy trial sufficient to invoke the extreme sanction of the statute. *State v. Adamczyk*, 162 Ga. App. 288 (290 SE2d 149) (1982).

8. The enumeration of error in denying appellant's request for an appeal bond is without merit. "No appeal bond shall be granted to

any person who has been convicted of . . . aggravated child molestation . . . and who has been sentenced to serve a period of incarceration of seven years or more." OCGA § 17-6-1 (g); see *Browning v. State*, 254 Ga. 478 (330 SE2d 879) (1985).

9. No error was committed by the superior court's assigning a state court judge to preside over appellant's second trial. A state court judge is competent to preside over proceedings in superior court when properly designated. *Fielding v. Fielding*, 236 Ga. 114 (223 SE2d 85) (1976).

10. It is urged that the prosecutor elicited false and prejudicial testimony to the effect that appellant had four felony charges against him pending in another state. The transcript shows only that a police officer testified appellant had one count of a class IV felony pending elsewhere. No reversible error appears.

11. Additional alleged errors are not reviewable because they are founded on particular portions of the evidence but are not supported by references to the transcript.[1] Various allegations of prosecutorial misconduct[2] and complaints of errors committed by the trial court outside the evidentiary phase of the trial[3] are similarly not supported by references to the record or are affirmatively disputed by the record. Most of these enumerated errors are not supported by argument and citation of authority,[4] and are thus deemed abandoned. *Rowell v. State*, 176 Ga. App. 309 (1) (335 SE2d 689) (1985). In sum, there has been no showing of reversible error and none appears.

*Judgment affirmed. Banke, P. J., concurs. Carley, J., concurs in Divisions 1, 2, 3, 4, 5, 6, 7, 8, 9, and 10 and in the judgment.*

---

[1] Appellant alleges that: the prosecutor expressed his personal opinion as to appellant's guilt, made continuous improper objections, made false statements to the jury which required the grant of a mistrial.

[2] Appellant alleges that: the prosecutor falsified arrest records, doctored photographs, tampered with witnesses, and coached witnesses.

[3] Appellant alleges that the trial court erred: in presiding over the initial phases of this proceeding after he had recused himself, in not allowing a new indictment, in not taking action when material used by appellant in preparing his defense was seized, in not investigating charges in expert medical testimony, and in not entering perjury charges against state's witnesses.

[4] Appellant does argue that the trial court erred in denying his *Brady* motion. The prosecution states that pursuant to this motion, the trial court was informed that the prosecution had no information favorable to the defense, and an in-camera inspection was conducted by the trial court prior to trial. Appellant also argues that the prosecution did not comply with his demand for a list of witnesses under OCGA § 17-7-110. The prosecution responds that it informed appellant in a timely manner that it would use only those witnesses appearing on the list of witnesses submitted in the earlier trial, and calling an unlisted rebuttal witness does not violate OCGA § 17-7-110. *Fornoy v. State*, 255 Ga. 316 (2) (338 SE2d 252) (1986).

DECIDED JUNE 11, 1991 —
REHEARING DENIED JUNE 26, 1991 — 

Edgar W. Howard, *pro se.*
Robert E. Wilson, *District Attorney, J. Thomas Morgan III,
Desiree L. Sutton, Assistant District Attorneys*, for appellee.