A91A0167. PLATT v. THE STATE.
(409 SE2d 878)

McMURRAY, Presiding Judge.

Defendant was convicted and sentenced for trafficking in cocaine on September 21, 1989. Thereafter, on February 26, 1990, the trial court entered an order granting defendant's motion for a new trial.

In granting the defendant's new trial motion, the trial court observed that at trial the prosecution only "adduced testimony from Susan Strickland, of the State Crime Lab, that the substance which she tested was 'positive for cocaine,' and weighed more than 28 grams." Thus, the trial court concluded that the State failed to prove defendant was in possession of cocaine or a mixture containing more than ten percent cocaine. In the trial court's words: "To say a substance is 'positive for cocaine' is not to say that the substance is 'cocaine.' If that were the case, then a truckload of baby powder laced with two teaspoons of cocaine would test positive for cocaine and would authorize prosecution and conviction . . . for a trafficking level offense."

On March 1, 1990, the State moved for reconsideration of the grant of the motion for a new trial. Responding to the State's motion for reconsideration, the trial court entered an order on May 15, 1990, in which it "[reaffirmed] its order of February 26, 1990." Continuing, in a separate paragraph, the trial court found the evidence "legally insufficient to sustain a conviction of Trafficking Cocaine, but . . . ample . . . to sustain a conviction of possession of cocaine." Accordingly, the trial court reassigned the case to amend the judgment of conviction "in a manner not inconsistent with this finding." Subsequently, on August 16, 1990, defendant was sentenced for possession of cocaine and he appealed. *Held:*

Defendant contends the trial court erred when it modified the February 26, 1990, order granting his motion for a new trial because the modification was made after the expiration of the term in which the order was entered. This contention is without merit.

We recognize that, generally speaking, the power of the trial court to revise or vacate an order granting a new trial expires at the end of the term in which the order is entered. The general rule is inapplicable, however, where proceedings to revive the conviction were begun during the same term. *Howard v. State*, 194 Ga. App. 331

(1) (390 SE2d 415); *Pledger v. State*, 193 Ga. App. 588 (2) (a) (388 SE2d 425).

Court terms in Dougherty County begin on the second Monday in January, March, May, July, September and November. OCGA § 15-6-3 (15). It follows that the modification order was not umtimely because the State's motion for reconsideration, which sought to revive the conviction, was filed before the end of the term in which the court entered the order granting a new trial.

2. Defendant takes the position that the order of May 15, 1990, simply reaffirmed the order granting the motion for a new trial and raised the bar of double jeopardy. Thus, defendant insists he could not be sentenced for cocaine possession. We disagree.

The trial court did not enter two separate orders — one granting the motion for a new trial and another finding the evidence sufficient to sustain a conviction for cocaine possession — when it ruled upon the State's motion for reconsideration. Rather, the trial court entered one order on May 15, 1990. The overall effect of that order was to *amend* the order granting the motion for a new trial.

In amending the order granting the motion for a new trial, the trial court reaffirmed the order granting the motion for a new trial (since it was correct, in part) and this gives rise to some confusion. We think it is clear, however, that the trial court did more than simply reaffirm the order granting the motion for a new trial. It went on to find the evidence sufficient to sustain a conviction for cocaine possession. In our view, the trial court properly amended the order granting the motion for a new trial in such a fashion. See *Hogan v. State*, 193 Ga. App. 543 (1) (388 SE2d 532).

*Judgment affirmed. Birdsong, P. J., Carley, Pope and Andrews, JJ., concur. Beasley, J., concurs specially. Sognier, C. J., Banke, P. J., and Cooper, J., dissent.*

BEASLEY, Judge, concurring specially.

It is fairly obvious when both orders are read (the order of February 26 and the order of May 15) that what the court meant by its reaffirmance of the February 26 order was that it *still* considered the scientific evidence insufficient to support the trafficking conviction. The district attorney had argued that the testimony could be construed to mean that the requisite weight of cocaine had been found by the crime laboratory. The court concluded that even if the laboratory's measurements had in fact shown the weight and purity were present so as to constitute "trafficking," the State did not elicit the evidence to prove it. The court found, however, that "there was ample evidence to sustain a conviction of possession of cocaine."

The court did not reaffirm the grant of a new trial. Instead, in consequence of its evidentiary conclusion as to the lesser offense, it

immediately turned to the question of remedy and ordered that the trial judge "amend the judgment of conviction in a manner not inconsistent with this finding." It cited *Hogan v. State*, 193 Ga. App. 543 (1) (388 SE2d 532) (1989). See also *Choate v. State*, 158 Ga. App. 8 (279 SE2d 459) (1981), where this Court did precisely what the court below in this case did, i.e., direct that a conviction and sentence be entered for the lesser included offense which the evidence supported. The trial judge followed the direction and sentenced defendant for possession of cocaine.

It would defy logic to conclude that the court simultaneously ordered two entirely inconsistent remedies, i.e., a new trial *and* a final adjudication on possession in lieu of trafficking.

SOGNIER, Chief Judge, dissenting.

I respectfully dissent. I find that the resentencing was in error because no defendant may be sentenced after a new trial is granted but has not yet occurred, and also because the May 15 order, which expressly reaffirmed the February 26 finding of insufficient evidence, raised the bar of double jeopardy.

The resentencing was erroneous even absent the bar of double jeopardy because the grant of a new trial " '[wipes] the slate clean as if no previous conviction and sentence had existed,' " *Pledger v. State*, 193 Ga. App. 588 (2a) (388 SE2d 425) (1989), and as a general rule leaves the case pending below for retrial. Id. at 589. Consequently, the effect of the February 26 order was to eliminate the record of evidence made at trial and return appellant to the status he held before trial, i.e., under indictment and facing trial. Further, although the trial court was authorized to reconsider that ruling within the same term, the court did not do so. Instead, in its May 15 order, the court expressly reaffirmed the prior finding that appellant was entitled to a new trial because the evidence adduced at trial was "legally insufficient" to establish the charged crime. Thus, regardless whether the trial court's rulings on appellant's new trial motion raised the bar of double jeopardy, he could not have been sentenced on *any* charge until after a retrial and subsequent conviction.

However, no retrial could be held. Once the trial court found the State's evidence to be legally insufficient, the double jeopardy clause of the federal constitution barred a second trial on the trafficking charge. *Burks v. United States*, 437 U. S. 1 (98 SC 2141, 57 LE2d 1) (1978); *Ricketts v. Williams*, 242 Ga. 303 (248 SE2d 673) (1978). A retrial similarly was barred under state law because of the trial court's finding that the evidence was insufficient to authorize the verdict. OCGA § 16-1-8 (a) (1), (d) (2); *Marchman v. State*, 234 Ga. 40 (215 SE2d 467) (1975) (construing former Ga. Code Ann. § 26-507). When a new trial is granted based on a finding of insufficient evidence, such

a ruling has the same effect as a directed verdict of acquittal: no retrial is permitted. *Bethay v. State*, 235 Ga. 371, 375 (219 SE2d 743) (1975); accord *Burks,* supra at 17-18 (held, after court rules on motion for new trial that evidence was insufficient, the only proper remedy is the direction of a verdict of acquittal). Consequently, once appellant's motion for new trial was granted, and the May 15 order, which provided for the resentencing at issue on appeal, expressly reaffirmed the finding of insufficiency and the grant of a new trial, appellant could not be retried, see *Marchman,* supra, and the case against him was at an end.[1]

Moreover, jeopardy also attached to the charge of cocaine possession, the offense for which appellant was resentenced. *Hogan v. State,* 193 Ga. App. 543 (1) (388 SE2d 532) (1989), cited by the majority, is not applicable because in that case the sentencing for the lesser included offense was ordered after the appellate court found a fatal variance between the allegata and the probata in the proof of the charged crime, a ruling which did not raise the bar of double jeopardy. Here, however, the trial court's orders did not merely affirm the verdict and then go on to amend the sentence to reflect a fatal variance, but instead granted a new trial based on evidentiary insufficiency and expressly reaffirmed this ruling before entering a judgment and sentence on a lesser included charge. This ruling did raise the bar of double jeopardy. Consequently, since a subsequent charge of cocaine possession would have arisen from the same conduct and been based on the same evidence at issue in the trafficking trial, see *Dalton v. State,* 249 Ga. 720-721 (1) (292 SE2d 834) (1982); compare *Rogers v. State,* 182 Ga. App. 599 (1) (356 SE2d 546) (1987), such a prosecution would have been barred under OCGA §§ 16-1-7 (b); 16-1-8 (b) (1), (d) (2). *Marchman,* supra at 41. Given that the double jeopardy statutes would have barred a *retrial* of appellant for cocaine possession, it follows that he could not be *sentenced* for that offense after the trial court entered the ruling to which double jeopardy attached.

Since there was no case pending against appellant, no record of evidence adduced against him, and no possibility of retrial on either charge, there was no basis upon which a sentence could be entered. Accordingly, I would reverse the judgment entered below and remand with direction to enter a directed verdict of acquittal. *Burks v.*

---

[1] In its brief before this court, the State urges us to vacate the order granting a new trial. The State cannot seek such a remedy on appeal because the double jeopardy clause precludes an appeal by the State from a lower court ruling based on insufficiency of the evidence even if the ruling was erroneous. *State v. Williams,* 246 Ga. 788-789 (1) (272 SE2d 725) (1980); *State v. Bryant,* 182 Ga. App. 698 (356 SE2d 656) (1987). "Since the trial court ruled that the [S]tate failed to prove its case as charged and tried, [the State] cannot now [challenge that ruling] and subject [appellant] to a new trial on the merits." *Bryant,* supra at 699.

*United States*, supra at 18; accord *State v. Bryant*, 182 Ga. App. 698 (356 SE2d 656) (1987); compare *Hunter v. State*, 257 Ga. 571, 574 (4) (361 SE2d 787) (1987).

I am authorized to state that Presiding Judge Banke joins in this dissent.

DECIDED JULY 16, 1991 —
RECONSIDERATION DENIED JULY 31, 1991 —

*Underwood & Mathis, Billy C. Mathis, Jr.*, for appellant.
*Britt R. Priddy, District Attorney*, for appellee.