### A02A0193. THE STATE v. FREDERICKS.
(568 SE2d 489)

POPE, Presiding Judge.

Edward Wayne Fredericks was successful in obtaining a reduction to his criminal sentence more than six years after he pleaded guilty to eight counts of public indecency. The sole question before us is whether the court had the authority to modify the sentence after so much time.

On May 5, 1995, Fredericks pleaded guilty to the eight counts. He was sentenced to serve a total of 20 years. Within the next 30 days, Fredericks and his attorney each filed separate motions for reconsideration of the sentence; however, neither attached a rule nisi to the motion. The motions remained unaddressed for years. Then on July 20, 2000, the court held a hearing on the issue of whether Fred-

---

ericks had been sentenced twice for the same charge. On January 26, 2001, the court entered a new sentence for that reason, nunc pro tunc, reducing the sentence to a total of 15 years to serve.

On June 7, 2001, the court held another hearing to reconsider the sentence and, in an order dated August 21, 2001, reduced Fredericks total time to serve to seven and one-half years. No reason was given in the order for the reduction. Both the January 26 order and the August 21 order were entered years after the end of the term in which Fredericks was originally sentenced. The State appeals only the August 21 order. At oral argument the State conceded that the court had jurisdiction to modify the sentence in January 2001 on the grounds that part of the original sentence was void.

" 'Georgia courts have long held that while a trial judge loses the inherent right to modify a judgment after the term expires, a motion made during the term serves to extend the power to modify. (Cit.)' *Porterfield v. State*, 139 Ga. App. 553, 554 (228 SE2d 722) [(1976)]." *Doby v. Evans*, 258 Ga. 777 (2) (373 SE2d 757) (1988). See also *Platt v. State*, 200 Ga. App. 784 (409 SE2d 878) (1991).

The State argues that such a motion must have a rule nisi attached as an "absolute prerequisite to extend the sentencing term . . . to allow the trial court to properly consider [the motion] beyond that period of time." The State cites *State v. Bradbury*, 167 Ga. App. 390, 392 (4) (306 SE2d 346) (1983), in support. Our review of the applicable cases indicates that a motion will suffice to extend the term and that *Bradbury* merely indicates that an order setting a hearing outside of the term would also function to extend the term.

Several cases addressing motions for new trial hold that an order setting the matter for hearing at a time outside of the term will allow the trial court to retain jurisdiction of the matter past the end of the term. As stated in *Herz v. Frank & Adler*, 104 Ga. 638, 640 (30 SE 797) (1898): "An order, taken in term, to hear in vacation a motion for a new trial, operates, in our opinion, to keep the regular term of the court open as to that particular case until it is passed upon by the judge." See also *Blakely Hardwood Lumber Co. v. Reynolds Bros. Lumber Co.*, 173 Ga. 602, 607 (2) (160 SE 775) (1931); *Yarborough v. State*, 59 Ga. App. 893 (2 SE2d 510) (1939) (physical precedent only).

But, most cases reveal that the key consideration is whether proceedings on the matter are begun during the same term as the judgment, suggesting that an order setting a hearing in the next term is not required. See, e.g., *Ammons v. Bolick*, 233 Ga. 324, 325 (1) (210 SE2d 796) (1974); *Maxwell v. Cofer*, 201 Ga. 222, 226 (39 SE2d 314) (1946); *Platt v. State*, 200 Ga. App. at 784 (1); *Howard v. State*, 194 Ga. App. 331 (1) (390 SE2d 415) (1990); *Burns v. State*, 153 Ga. App. 529 (265 SE2d 859) (1980); *Porterfield v. State*, 139 Ga. App. at 554. Indeed, in *Platt*, the sole basis given for extending the term of court

was the State's motion for reconsideration of the trial court's decision to grant a motion for new trial; no order is mentioned. *Platt*, 200 Ga. App. at 784-785.

Two separate cases issued by this Court state both versions of the rule and lead us to the conclusion that the sole requirement for extending the term, in this setting, is that proceedings have begun on the matter within the original term, and that either a motion or an order setting a matter outside the term shall suffice. See *State v. Bradbury*, 167 Ga. App. at 390; *State v. James*, 211 Ga. App. 149, 150 (2) (438 SE2d 399) (1993).

Because Fredericks filed a motion to reconsider sentence within the same term that he was sentenced, the trial court maintained jurisdiction of that issue beyond the term in which Fredericks was sentenced. The State's constitutional argument is not enumerated as an error and was not raised below, and therefore we will not consider it here. *Meders v. State*, 260 Ga. 49, 54 (2) (b) (389 SE2d 320) (1990) (constitutional issue not raised below is not preserved for appeal).

*Judgment affirmed. Ruffin and Barnes, JJ., concur.*

DECIDED MAY 10, 2002 —
RECONSIDERATION DENIED JULY 9, 2002.

*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney*, for appellant.

*Fleming, Blanchard, Jackson, Ingram & Floyd, Maureen O. Floyd*, for appellee.