S13A0996. THE STATE v. ROSS.
(750 SE2d 305)

HUNSTEIN, Justice.

Paulo Ross was arrested in December 2004 and indicted in March 2011 for murder in connection with the 2002 shooting death of Quassim Rahman. Ross filed a motion to dismiss the indictment on the grounds that his constitutional right to a speedy trial had been violated, which the trial court denied. In January 2013 on motion for reconsideration, the trial court found a violation of Ross's right to a speedy trial and granted his plea in bar. Because there has not been a material change in the evidentiary posture of this case, we conclude that the trial court did not have authority to reconsider its initial order denying Ross's motion to dismiss. Accordingly, we reverse.

Quassim Rahman was shot at an apartment complex in Fulton County on March 8, 2002 and died in the hospital two days later. A month later, an arrest warrant was issued for Paulo Ross, who was arrested in December 2004 after serving two-and-a-half years in a Tennessee prison on unrelated charges. A preliminary hearing was held in December 2004, and Ross was released on bond in February 2005. Six years later, he was indicted for the murder and felony murder of Rahman and extradited from his home in Nevada. Ross then moved to dismiss the indictment based on a violation of his constitutional right to a speedy trial, and the trial court held an evidentiary hearing in October 2011. Denying the motion, the trial court found that Ross had not shown a violation of his right to a speedy trial under *Barker v. Wingo,* 407 U. S. 514 (92 SCt 2182, 33

LE2d 101) (1972) and *Doggett v. United States*, 505 U. S. 647 (112 SCt 2686, 120 LE2d 520) (1992). Ross appealed to this Court in February 2012, and we dismissed his appeal in October 2012 after he failed to comply with our order to file a brief and enumeration of errors. After the case returned to the trial court, Ross filed a motion for reconsideration and a renewed motion to dismiss the indictment, again alleging the denial of his constitutional right to a speedy trial. Following a hearing in December 2012, the trial court granted Ross's motion for reconsideration and plea in bar. The State appeals.

Before addressing the speedy trial claim, we must first consider two procedural issues that the State contends barred the trial court's reconsideration of its interlocutory order. The State argues that our dismissal of Ross's first appeal established the law of the case and precluded the trial court from addressing Ross's motion for reconsideration or renewed motion for dismissal. The State further asserts that the trial court should not have reconsidered its earlier interlocutory ruling because Ross filed his motion for reconsideration after the end of the term in which the decision was entered and there has not been a change in the evidentiary posture of this case since the initial ruling in February 2012.

The general rule in criminal cases is that a trial court's inherent power to revoke interlocutory rulings ends with the expiration of the term in which the order was entered. *Moon v. State*, 287 Ga. 304 (696 SE2d 55) (2010). There is "a well-recognized and important exception to that rule, which allows after-term reconsideration, at least of constitutional issues, where the 'evidentiary posture' of the issue has changed." Id. at 309 (Nahmias, J., concurring). Thus, "a court retains broad discretion over interlocutory evidentiary rulings which may be modified at any time until entry of final judgment." *Ritter v. State*, 272 Ga. 551, 553 (2) (532 SE2d 692) (2000). Our appellate courts have applied this exception to allow trial courts to reconsider interlocutory rulings on the admissibility of evidence. See, e.g., id. at 554 (no abuse of discretion when trial court admitted challenged testimony that had been ruled inadmissible at first trial); *State v. Mojica*, 316 Ga. App. 619 (2) (730 SE2d 94) (2012) (no error when trial court granted defendant's third motion to reconsider the denial of his motion to suppress identification). Similarly, the Court of Appeals has held that the end-of-term rule does not prevent the trial court from reconsidering its interlocutory ruling granting bond. See *Rooney v. State*, 217 Ga. App. 850, 852 (459 SE2d 601) (1995) (preventing reconsideration "would be the equivalent of setting bond orders in stone after the expiration of the term"). Like a trial court's ruling on a pretrial evidentiary motion or motion for bond, an order on a constitutional speedy trial claim "is the sort of interlocutory ruling for which the

relevant facts often change while the case is pending." See *Moon*, 287 Ga. at 311 (Nahmias, J., concurring). The same exception for a change in the "evidentiary posture" applies to the law-of-the-case doctrine. See id. at 309 (Nahmias, J., concurring); *Ross v. State*, 310 Ga. App. 326 (713 SE2d 438) (2011).

In its order granting the plea in bar, the trial court applied the changed-evidence exception to reconsider the merits of Ross's speedy trial claim. It found that Ross had revealed gaps in the evidence due to the passage of time and shown that the evidence was more degraded than previously believed. Under certain circumstances, we agree with the trial court that the passage of time and resulting degradation in evidence may constitute a change in the evidentiary record permitting the out-of-term reconsideration of an interlocutory ruling on a speedy trial claim. If, for example, a defendant files a constitutional speedy trial claim after his arrest and files a renewed motion five years later after his indictment and extradition, then the passage of time alone may be sufficient to permit trial court reconsideration of the speedy trial claim, especially if the defendant articulates specific ways in which the evidence has changed.

In this case, however, the trial court did not refer to any new evidence that would permit the out-of-term reconsideration of its order denying Ross's speedy trial claim. The record does not show any change in the evidence between the first hearing on Ross's motion to dismiss the indictment in October 2011 and the second hearing on his motion for reconsideration in December 2012. The State had presented all of its discovery to Ross prior to the 2011 hearing, and Ross did not introduce any additional documents or witnesses at the 2012 hearing. Indeed, Ross acknowledged at the second hearing that he was "not actually presenting any more evidence" and asked the trial court to reconsider its ruling by reviewing the evidence presented at the earlier hearing on the changes in the crime scene since 2002 and the unavailability of an alibi witness due to a stroke suffered in 2007. When questioned about whether he had continued to investigate the case and contact witnesses since the court's initial order, Ross's attorney stated that he had not personally spoken to the two critical witnesses. Later asked if he had done additional investigation that showed a change in the evidentiary posture of the case, the attorney responded that he had "done the investigation" and "gone through every piece of discovery" without detailing any specific action taken since the first hearing. Regarding the passage of time, of the 11 months that elapsed between the denial of the original motion to dismiss and the grant of the motion to reconsider, eight were attributable to Ross's abandoned appeal.

Based on this record, we conclude that there has been no showing that the evidence has materially changed since the trial court's initial hearing and order denying Ross's motion to dismiss the indictment. Without a material change in the evidentiary posture of the case, the trial court erred in reconsidering its order and granting the plea in bar.

*Judgment reversed. All the Justices concur.*

DECIDED OCTOBER 21, 2013.

*Paul L. Howard, Jr., District Attorney, Lenny I. Krick, Assistant District Attorney*, for appellant.

*Arora & LaScala, Manubir S. Arora, Stephen R. Scarborough*, for appellee.